## Alfred B. Hinman and another v. James Littell.

*Partnership: Authorizing another to represent himself as a partner.* Where two persons authorize a third to represent and hold himself out as a partner with them, and in pursuance thereof he does so, this is as much their holding themselves out as such partners as if the same representations had been made by them in person.

*Instructions to the jury.* Where, in an action against W, S and H, for goods sold and delivered, in which it was sought to charge S & H as partners of W, the court, upon being requested to charge that "if the jury believe that under the arrangement between W and S & H, S & H *had a right to* any profits which might accrue in the business, they were partners even if there had been an express understanding that they should not be partners," stated to the jury as follows, viz: "That is abstractly true if they were to divide the profits. That is one of the marks by which you would tell whether they were partners,"—this left it for the jury to determine, as matter of fact, whether, by the understanding and agreement of the three, S & H were to share in the profits. Such charge, with the qualification added, is not open to the objection that it left it to the jury to find upon a question of law, viz: Whether, under all the circumstances of the case, S & H had a right to such profits.

*Heard October 10. Decided October 17.*

Error to Wayne Circuit.

The facts are sufficiently stated in the opinion.

*Walker & Kent,* for plaintiffs in error.

*Dickinson & Dickinson,* for defendant in error.

CHRISTIANCY, J.

Defendant in error brought an action of *assumpsit* in the court below, against the plaintiffs in error and one William A. Wiggins, for a bill of goods which he claimed to have sold to them as partners, doing business under the name and style of "Smith & Hinman."

The main question in the case, as it comes before us, is, whether there was any evidence tending to show that Smith & Hinman (two of the defendants claimed to be members of the firm) had held themselves out as partners with Wiggins (the other defendant).

HINMAN *v.* LITTELL.

The court refused to charge that there was no such evidence; and some of the charges given were based upon the assumption that the jury might find that they had held themselves out as such partners.

Much of the evidence, and especially the letters and acceptance introduced by the plaintiff below, tended rather to show that Smith & Hinman were the only partners and as such liable to the plaintiff, and that Wiggins was only their agent. But the testimony of Wiggins, while its direct tendency was to establish a partnership in fact between the three defendants, tended also (and none the less on this account) to show that he was authorized by Smith & Hinman to act as a partner in the business with them, and to hold them out to the plaintiff and others as partners with him in that firm; and that he did, as thus authorized, represent and hold them out to the plaintiff (below) as such before the latter sent forward to the firm the goods, for the price of which the action was brought; and that the plaintiff, therefore, had a right to rely upon the truth of such representations in making the sale. If, as this evidence of Wiggins tended to show, he was authorized thus to represent and hold them out, this, when he did so, was as much holding themselves out as such partners as if the same representations had been made by them in person. There was, therefore, evidence to be left to the jury upon this point.

The charge of the court, in answer to the fourth request of the plaintiff, is also assigned for error. This request was that " if the jury believe that under the arrangement between Wiggins, Smith and Hinman, Smith & Hinman *had a right to* any profits which might accrue in the business, they were partners, even if there had been an express understanding that they should not be partners." It is objected that this was leaving to the jury to find upon a question of law, whether, under all the circumstances of the case,

Smith & Hinman had such *right*. However this might have been, had the court charged the request without qualifications, the charge as qualified by the court was, we think, unobjectionable. His answer to the request as he gave it to the jury was: "That is abstractly true, if they were to divide the profits. That is one of the marks by which you would tell whether they were partners or not." This left it for the jury to determine, as matter of fact, whether, by the understanding and agreement of the three, Smith & Hinman were to share in the profits; and if so the jury were told they would be liable as partners.

We find no error in the proceedings of the circuit court, and the judgment of that court must be affirmed, with costs to defendant in error of both courts.

The other Justices concurred.