## Solomon S. Waterman v. Joseph D. Waterman.

*Practice in supreme court: Assignment of errors.* A court of review will not consider on error any question not brought to the attention of the court below and not raised by any assignment of error.

*Bill of particulars: Money loaned: United States bond loaned.* It is not admissible, under a charge in a bill of particulars for money loaned to the defendant, to give in evidence the loan of a United States bond; such a charge can be supported only by proof of the loan of coin, bank bills, or some well known circulating medium, popularly known and designated as money.

*Evidence: Money loaned: Pecuniary ability of plaintiff: Rebuttal.* Where in defense to an action for money loaned an attempt is made to show that plaintiff could not have made the loans claimed because not of sufficient pecuniary ability, it is competent for the plaintiff in reply to show what means he had from which the loans could have been made.

*Evidence: Money loaned to pay off mortgage: Declarations: Admissions.* The plaintiff claiming, and defendant denying, that plaintiff had loaned defendant moneys with which to pay off a mortgage on his farm, evidence was held admissible to prove declarations and admissions by defendant that plaintiff had an interest in the farm.

*Evidence: Money loaned with which to pay off incumbrances: Securities.* In an action to recover for moneys claimed to have been loaned by the plaintiff to defendant with which the latter paid off certain incumbrances, the payment of which was conceded, the dispute being only as to who furnished the means, the refusal to receive in evidence the securities themselves, in connection with the testimony as to their payment, is held not error.

*Heard June 16. Decided October 10.*

Error to Kalamazoo Circuit.

*Severens, Boudeman & Turner,* for plaintiff in error, to the point that under the bill of particulars evidence of the loan by plaintiff to defendant of a United States bond was not admissible, cited: *Green's Prac.*, § *1042 and cases there cited;* and upon the irrelevancy of the evidence as to the pecuniary ability of the plaintiff to have made the loans claimed, cited: *1 Greenl. on Ev.*, § *52; Hilton v. Scarborough, 5 Gray, 422; Wheeler v. Packer, 4 Conn., 102; State v. 'Penly, 27 Conn., 587.*

*Arthur Brown,* for defendant in error.

MARSTON, J :

This was an action of assumpsit, brought by Joseph D. Waterman against his father, for money loaned to him, money paid for his use and benefit, money received by defendant for plaintiff, United States bonds loaned to defendant, for the value of certain personal property, and for one-half the proceeds and one-half the value of a certain livery barn.

The first and most important question relied upon by plaintiff in error in this court was, that from the relationship of the parties the law would not imply a promise to pay, and their conduct and treatment of each other shows that no undertaking for payment was either given or relied upon, therefore upon any view of the facts plaintiff was not entitled to recover.

It nowhere appears that this question was raised on the the trial in the court below, nor is there any assignment of error raising any such question in this court. The bill of exceptions very properly does not set forth all the evidence given on the trial, so that upon this point there is nothing for this court to consider.

Upon the trial, plaintiff testified that he at one time let defendant have a two hundred dollar bond. This was objected to because no such claim was set forth in plaintiff's bill of particulars. There are several items in the bill of particulars of money loaned to the defendant, under which it is claimed this evidence was admissible. It is undoubtedly true, as claimed, that the object of a bill of particulars is to apprise the other party of the nature of the items upon which the plaintiff relies; but it does not follow that an item for money loaned would fairly apprise the opposite party that evidence would be given under such claim that a bond had been loaned. Where the charge is for money loaned, a party would be expected to prepare to meet evidence tending to show that coin, bank bills, or any well known circulating medium, popularly known and designated

as money, had been loaned to him.    We are not prepared to say, however, that under such a charge he would be prepared to show that he had not borrowed bonds, or other obligations of well known value, which might have been sold or negotiated by him and thus converted into money.    If under a charge in plaintiff's bill of particulars of money loaned defendant, he could prove the loan of a United States bond, then we can discover no good reason why a state, county or city bond could not in like manner be proven; and if this could be done, then why not prove the loan of a railroad or individual bond, or even a promissory note.    The mere fact that the United States or state bond might be worth one hundred cents on the dollar in market, could make no difference.    The bond of an individual or a corporation might be of equal value, and if not, the defendant might be sought to be held for its market value.    We are of opinion that under a charge for money loaned the defendant cannot be charged with the loan of bonds or other like obligations.    In this case there is still another reason why the defendant should not be so held.    The plaintiff in his bill of particulars recognized a distinction, as he charged the defendant with money loaned, and also with the loan of certain United States bonds.    We think that in admitting this evidence the court erred.

It is next claimed that the court erred in permitting plaintiff to prove that he was worth a given sum, in order to furnish an inference that he let defendant have the moneys he claimed to recover for.

Standing alone such testimony would have no tendency whatever to show that money had been loaned to another; but when, as in this case, the defendant tries to show that the plaintiff could not have made the loans claimed because not of sufficient pecuniary ability, then, in answer to this, the plaintiff may show that he did have the means from which the loans could have been made.    Where a plaintiff claims to have paid or loaned large sums of money at a certain time, a pretty effectual defense, we think, would be

made by showing that the plaintiff at and previous to the time alleged had no means whatever, and therefore could not have made the loan or payment as claimed. When such a defense is attempted, evidence of the plaintiff's pecuniary ability at the time referred to would fairly tend to destroy the defense thus set up, and for such a purpose would be admissible.

It is next claimed that the court erred in admitting proof offered by plaintiff to show admissions made by defendant that plaintiff had an interest in a certain farm, the title to which stood in defendant's name. This evidence was not offered for the purpose of showing a resulting trust in favor of plaintiff. The plaintiff made no such claim. He did claim, however, in his bill of particulars, and testified, that he had furnished defendant with money to enable him to pay off a mortgage upon this farm, and he offered these admissions as tending to corroborate his testimony in this respect. For this purpose we are of opinion that the admissions might properly be submitted to the consideration of the jury. Where such a claim is made, it is very difficult to exclude a conversation or admission made by either of the parties, otherwise admissible, relating to the matters in controversy. Expressions are frequently made by parties, which standing alone might have no bearing on the case or be unintelligible, but when taken in the light of all the surrounding circumstances, become as intelligible to, and are as well understood by a jury, as they were at the time by the parties themselves.—*Hill v. Chambers, 30 Mich., 422.*

It is next urged that the court erred in excluding the securities which were paid off by defendant, in connection with his own evidence that he had paid them. It does not appear that there was any dispute whatever between the parties in this case as to defendant's having in fact paid these securities. It was a part of the plaintiff's, as well as defendant's theory, that he (the defendant) had paid them; but where defendant obtained the money with which he made the payment, was the material question in controversy.

'The introduction of the securities, for the purpose of show-ing that defendant had paid them, could by no possibility tend to show where he obtained the money he paid them with, and their payment in fact by him not being disputed, we cannot see that defendant was at all injured, or could be, by the ruling.

We do not consider the other questions raised, as they are not likely to come up again in the same shape upon a new trial. For the error already pointed out, the judg-ment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.