## Joseph Sager v. Nelson Tupper and Edwin Tupper.

*Proof of partnership—Joint and individual liability—Costs.*

Partnership cannot be proved by general reputation.

In an action on an account stated, evidence that the defendants admitted that they were doing business as partners should be allowed to go to the jury, even if not specifically confined to the time within which the account accrued.

In an action upon an account stated for goods sold, the testimony of a third person to whom they had been previously offered, is admissible to identify the articles.

When, on cross-examination to show that a witness was interested as a purchaser, he testifies that the purchase was never carried out, his reason for not completing it is properly excluded unless it is claimed that the answer will show interest or affect his credibility.

In an action to recover the price of goods sold by parol agreement, there was a dispute as to whether certain articles were included in the sale, and the plaintiff offered to prove that those which he claimed were not sold were alone worth as much as the defendant claimed he had bought the whole for. *Held*, in the absence of reasons for such a sacrifice, that testimony as to their value was admissible, not to vary the contract actually entered into, but to aid the jury in determining what it covered.

A bill for belting was made out at a certain price, but the words were added: "Less expense account, $47.46," and this was claimed to be a discount from the regular price list. *Held* that the custom as to selling belting at a discount might be shown by the testimony of an experienced buyer in connection with proof of the value of the belting furnished.

A sharer in profits is a partner as to third persons.

One who brings suit as against partners must show the existence of a joint contract or joint promise, express or implied.

Partners may set off a claim held jointly but not individually.

Suit was brought against certain mill-owners for a joint indebtedness. *Held* that if there was an express agreement that plaintiff should apply any sawing done for him upon the debt, it was proper to prove the amount and value of the sawing done, irrespective of the question whether the mill was owned and operated by one of the defendants or by both.

In an action in which it was sought to charge defendants as partners owning a mill, the plaintiff introduced evidence tending to show that one of them exercised authority about the mill. *Held*, that by way of rebutting the inference that he was interested as a co-partner, it was proper to show that others gave like directions; but not to prove his statements disclaiming such interest.

Costs of printing a record that is made vexatiously prolix, because of many frivolous assignments of error, are denied the prevailing party under the discretion allowed by Supreme Court Rule 59.

Error to Kalamazoo. Submitted January 11. Decided January 29.

ASSUMPSIT. The facts are in the opinion.

*Edwards & Sherwood* for plaintiff in error. Reputation may be shown as corroborative proof of partnership, *Whitney v. Sterling*, 14 Johns., 215; *Gowan v. Jackson*, 20 id., 176; *Bernard v. Torrance*, 5 Gill & J., 383; *Allen v. Rostain*, 11 S. & R., 362; *Brander v. Ferriday*, 16 La., 296; *McPherson v. Rathbone*, 11 Wend., 96; 2 Greenl. Ev., § 484. In suing as against partners it is not necessary to prove partnership by showing that defendants were to share in losses, nor to show that the claim accrued against them in the business in which they were engaged, *Chase v. Barrett*, 4 Paige, 148; *Perrine v. Hankinson*, 6 Halst., 181; *Hazard v. Hazard*, 1 Story C. C., 371; *Duryea v. Burt*, 28 Cal., 569; *Pratt v. Langdon*, 12 Allen, 544; *Ex parte Langdale*, 18 Ves., 301; *Brigham v. Dana*, 29 Vt., 1; *Gilpin v. Enderbey*, 5 B. & Ald., 954; Story on Partnership, 23; Pars. on Partnership, pp. 42, 69.

*Oscar T. Tuthill* and *Arthur Brown* for defendants in error. Partnership cannot be shown by neighborhood

reputation, *Tumlin v. Goldsmith*, 40 Ga., 221; *Southwick v. McGowen*, 28 Ill., 533; *Sinclair v. Wood*, 3 Cal., 98; *Brown v. Crandall*, 11 Conn., 92; *Earl v. Hurd*, 5 Blackf., 248; *Grafton Bank v. Moore*, 13 N. H., 99; *Scott v. Blood*, 16 Me., 192; *Halliday v. McDougall*, 20 Wend., 81; *Smith v. Griffith*, 3 Hill, 333; *Turner v. McIlhaney*, 8 Cal., 575; Pars. on Partnership, p. 7; 2 Greenl. Ev., § 483. In actions of contract against several persons, a joint promise must be shown (*Manahan v. Gibbons*, 19 Johns., 109; *Jackson v. Woods*, 5 Johns., 280; *Tom v. Goodrich*, 2 Johns., 213; *Livingston v. Tremper*, 11 Johns., 101), and recovery must be against all or none, *Kimmel v. Shultz*, Breese, 128; *Blight v. Ashley*, Pet. C. C., 16; *Erwin v. Devine*, 2 Monr., 124; *Tuttle v. Cooper*, 10 Pick., 281; *Brown v. Warner*, 2 J. J. Marsh., 38. For the definition of a co-partnership, see *Ryder v. Wilcox*, 103 Mass., 24; *Tozer v. Hershey*, 15 Minn., 257; *Lamb v. Grover*, 47 Barb., 317; *Cummings v. Mills*, 1 Daly, 520; *Post v. Kimberly*, 9 Johns., 470; *Holmes v. United Ins. Co.*, 2 Johns. Cas., 329; *Sage v. Sherman*, 2 Comst., 418; *Lengle v. Smith*, 48 Mo., 276; *Noyes v. Cushman*, 25 Vt., 390; *Vanderburgh v. Hull*, 20 Wend., 70; *Pattison v. Blanchard*, 5 N. Y., 186; *Lowry v. Brooks*, 2 McCord, 421; *Putnam v. Wise*, 1 Hill, 239; *Burckle v. Eckart*, 1 Den., 341; *Ambler v. Bradley*, 6 Vt., 119; *Bowman v. Bailey*, 10 Vt., 170; *Wood v. Valette*, 7 Ohio St., 172.

MARSTON, J.   Plaintiff in error brought assumpsit against defendants in error for the recovery of money paid out, materials furnished and work and labor done by the plaintiff for the defendants, amounting in all to about the sum of seven hundred and fifty dollars.

The defendants pleaded the general issue, with a notice of set-off; they also gave notice that they would show and insist in their defense, that if any such promises were made as plaintiff in his declaration alleged, they were made by the defendant Nelson Tupper, in consideration that plaintiff would at his own cost and

expense furnish certain mill irons, gearing and machinery for a mill that defendant Nelson then contemplated building, and also that plaintiff would at his own expense and labor put the same up and set them in good running order; that plaintiff so agreed and warranted the same to be good, all right and perfect, and that the mill would do good work and be satisfactory to defendant Nelson; that in consideration thereof, Nelson agreed to pay therefor the sum of eleven hundred dollars and secure the same by mortgage on real estate, which he had done. The notice farther set up a breach of the agreement and warranty on the part of the plaintiff, damages resulting therefrom, and that the same would be recouped, etc.

The plaintiff to maintain the issue, introduced testimony tending to prove that he had paid out money, furnished mill irons and other things, and performed labor for defendants jointly under and in accordance with the terms of an express contract made with them, and that no part thereof was included in the amount for which the mortgage was given. He also introduced evidence tending to show that defendants owned and operated the mill as copartners, and also evidence tending to show that they had held themselves out to the world as owning and running the mill as copartners.

This, with the statement already made as to the notice attached to defendant's plea, will be sufficient, with what may hereafter be stated, to enable us to understand the questions raised, and which we deem of sufficient importance to notice.

I. Plaintiff offered evidence tending to show that defendants were generally reputed in the neighborhood where they resided as doing business together as copartners. This was offered for the "purpose of proving the relation these defendants occupied to each other in doing business."

The proposed evidence was properly excluded by the

court. General reputation is not admissible for the pur-
pose of establishing a copartnership relation between two
or more persons, and it would be dangerous to permit
the introduction of such evidence to establish such a
relation.

II. Charles Saulsbury was introduced as a witness
on the part of the plaintiff, and amongst other things
testified to a conversation he had with the defendants,
when they told him they were doing business as part-
ners. This the court of its own motion struck out,
because it did not refer to a time included in the plain-
tiff's account stated. It was in fact claimed that a part
of the plaintiff's account accrued subsequent to the time
of the conversation. Whether this was so or not, we
think the evidence was admissible. The fair tendency
of these admissions was not to prove the creation of a
copartnership at or about that time, but rather had ref-
erence to a relationship which at that time and previous
thereto, existed between them. At all events, these
admissions were admissible, and should have been sub-
mitted to the jury.

III. The deposition of Darius Ingersoll was offered
in evidence to show that a few days before plaintiff sold
the mill irons to defendant, Ingersoll had a talk with
him about purchasing them, and that Nelson Tupper
was present and took part in the negotiations between
plaintiff and Ingersoll; that in this conversation plain-
tiff offered to sell certain mill property to Ingersoll for
$1,200,—said that he would have it put in good running
order, and furnish any irons that might be missing, and
perform certain other services, and that if such repairs
exceeded the sum of fifty dollars, he would pay such
excess; that in the same conversation he made the
same offer to defendant Nelson Tupper for $100 less;
that such offer was repeated the next and following days
and resulted in an agreement. There being evidence
tending to show that the offer made to Ingersoll and the
one made to and accepted by defendant Nelson were

alike, except the reduction of $100 in the consideration to be paid, and there being a dispute as to the articles sold to defendant, we are of opinion that under such circumstances it was competent to show the offer made to Ingersoll for the purpose of identifying or fixing the specific articles included in the offer made to defendant and accepted by him.

IV. William Harrison was examined as a witness on the part of the defendants. On cross-examination, for the purpose of affecting his credibility, it was sought to show that he was interested in the result of this controversy; that he had purchased the mill property from defendants subject to these claims. He testified that he had at one time agreed to purchase it, but that the sale was never completed or carried out. He was then asked to go on and state why he did not complete that sale. This was objected to, and the objection sustained. In this the court was correct. If the sale was abandoned, his reasons for not completing it were of no consequence in this case. If counsel claimed that an answer to this question would show that the witness was still interested, or that the answer would show facts affecting his credibility, he should have so stated to the court, or pursued his investigation by other questions. No objection was made to showing that the witness was interested. As the evidence stood, it does not appear that the question or an answer thereto would have been admissible.

V. As already said, defendants claimed that Nelson Tupper had purchased all the mill irons, belting and everything necessary to put the mill in complete running order for the sum of $1,100, and had given a mortgage to secure payment of this amount, while the plaintiff claimed that the belting and certain other property was not included in such purchase, but was sold and furnished subsequent thereto. And as evidence tending to show that it was not included in the first sale made, he offered to prove that the articles he claimed were not

included in the first sale, alone were worth $1,200. This was objected to and excluded. In this the court erred. The evidence was admissible as tending to show the improbability of a person selling twenty-three hundred dollars' worth of property for eleven hundred dollars, without any special reason being shown requiring such a sacrifice. Where a dispute arises between parties as to the specific articles included in the terms of an oral agreement of sale, the value of such articles may have a very material bearing in the determination of the question. Property may be, and undoubtedly is, often sold for much less than its actual market value, and good and sufficient reasons may have existed therefor. In the absence of such, and where the value far exceeds the contract price as claimed, we think the value may well be shown and considered, not to change or vary a contract actually entered into, but as an aid to the jury in determining what the agreement actually included. *Waterman v. Waterman*, 34 Mich., 490.

VI. The plaintiff sought to recover the sum of $174.35 as the amount he had paid for a belt he purchased for defendants. A bill for this belting had been made out in which the price appeared to be $174.35. There also appeared upon this bill the words and figures "less expense account $47.46," and this amount was claimed to be a discount from the regular price list. One of the witnesses called by defendants was asked, after testifying that he had purchased leather belting, the custom relative to selling belting at a discount from the price list. This was objected to as irrelevant and immaterial, but the court permitted the question. This was correct. The evidence was admissible in connection with other evidence that might be offered as tending to fix the value of the belting furnished. Whether such other evidence was offered or introduced, or whether the witness was shown to have sufficient knowledge to enable him to give evidence upon this subject, might perhaps admit of

some doubt, but no objection was made upon such grounds. *De Armond v. Neasmith*, 32 Mich., 233; *Sisson v. Cleveland etc. R. R.*, 14 Mich., 497.

VII. Many exceptions were taken to the charge of the court. Defendants' second request as given, that the plaintiff in order to recover must prove a "joint contract and promise" was not, we think, intended as an instruction that something more than a joint contract must be proved. It evidently was intended as an instruction that a joint contract or joint promise must be found to have existed, either express or implied. In this view it would be correct. The court in giving defendants' eleventh request as to what was necessary in order to find that defendants sustained the relation of partners to each other and were liable as such, went too far.

To constitute one a partner as to third persons, it is not at all necessary that he should agree to share in the losses of the business. If he shares in the profits, he thereby deprives creditors of part of the means of payment, and this is sufficient. *Hinman v. Littell*, 23 Mich., 484; *Manhattan Brass & Mfg. Co. v. Sears*, 45 N. Y., 797.

VIII. There is nothing special or complicated in this case that should create any serious difficulty on the trial. It is an ordinary case of an attempt to create or prove a joint liability which was denied. The plaintiff must either prove a joint liability or fail in the action. If he succeeded in proving such a claim, the defendants would have a right to set off any claim they jointly held against him for sawing or otherwise, while individual claims for sawing could not be. If there was an express agreement that any sawing done for plaintiff should be by him applied as a payment upon this indebtedness, then it would have been proper to prove what sawing was done and the value thereof, irrespective of the question whether the mill was owned and operated by one or both defendants.

The plaintiff having introduced evidence tending to show that Edwin Tupper assumed to and did give direc-

tions in and about the mill, it was proper to show that others also gave like directions to rebut any inference that might otherwise be drawn as to Edwin's interest as a copartner or otherwise; but it was not competent to prove statements made by Edwin disclaiming any interest therein.

We do not consider any of the other questions raised of sufficient importance to require a distinct ruling thereon.

It is proper, however, to say in conclusion that we think the record in this case "is so prolix as to cause vexation by reason of the multiplicity of frivolous assignments," and by incorporating into the bill of exceptions so much of the testimony given on the trial as taken from the stenographer's minutes. We have had occasion heretofore to condemn this practice. It largely and needlessly increases the costs in the case; it causes the opposite counsel much unnecessary trouble in preparing to meet each error assigned, whether important apparently or unimportant, and afterwards finding many of them abandoned on argument, and it occupies much of the time of the court in an investigation of a voluminous record to ascertain the tendency of the evidence, which could be more advantageously devoted to other purposes. There are in this case sixty-six errors assigned; very many of them we can consider in no other light than as being frivolous.

We consider this case therefore a proper one for the exercise of our discretion in the granting of costs to the prevailing party under Rule 59.

We are of opinion that the plaintiff in error should bear the expense of printing the record in this case, and that no part thereof should be included or allowed in the taxation of costs.

The judgment will be reversed with costs, except as indicated, and a new trial ordered.

The other Justices concurred.