THEODORE STEVENSON V. ARIE WOLTMAN.

*Practice in circuit court—Agreement of counsel as to objections to
class of testimony—Assignments of error.*

1. When counsel agree that objections made to a certain class of
   testimony may apply to *all* such testimony without objecting
   to each question, which agreement is taken down by the
   stenographer and embodied in the bill of exceptions, the objec-
   tions and exceptions will be considered as timely made and
   taken to *all* of that *class* of testimony.
2. Questions not raised by assignments of error cannot be consid-
   ered; citing 1 Jac. & C. Dig. 724, tit. " Error."

Error to Ottawa. (Arnold, J.) Argued May 7, 1890.
Decided June 6, 1890.

Trover. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*C. H. Gleason,* for appellant.

*George A. Farr,* for defendant.

CHAMPLIN, C. J. The plaintiff claimed to be the owner
of certain personal property, and to have obtained title
thereto by purchase from the Great Western Cutter Com-

pany of Grand. Haven, Michigan. The defendant was sheriff of Ottawa county, and as such attached the goods as the property of the Great Western Cutter Company. Plaintiff brought trover, and defendant set up as a defense that the debt for which the suit in attachment was brought was fraudulently contracted by the company, and that plaintiff was a party to the fraud. The trial resulted in a verdict and judgment for the defendant.

Thirty-five errors are assigned. Twenty of the errors assigned relate to the rulings of the court upon the introduction of testimony; two, to the refusals of the judge to strike out testimony; five to remarks of defendant's counsel in his opening to the jury; one, with reference to the agreement made by counsel in open court that objections stated to a certain class of testimony might apply to all such testimony without repeating them to each question. With reference to this assignment, we have treated the objections and exceptions as timely made. When counsel make such agreement, and it is taken down by the stenographer and embodied in the bill of exceptions, the objections and exceptions will be considered as timely made and taken to all of that class of testimony. It saves time and much annoyance in the trial court.

The remaining errors assigned relate to the charge of the court. Upon the trial the examination and cross-examination of witnesses took a wide range. as is usually the case where the question of fraud is involved. It included the question as to whether the sale and transfer of the property from the company to plaintiff was made with intent to cheat, defraud, and delay the creditors of the company. This question, the counsel for plaintiff contends in his argument before us, was not in issue by the pleadings, and that all testimony introduced tending to prove that branch of the defense, and the charge of the court upon it, was incompetent, irrelevant, and

erroneous.    Counsel for defendant insists that this objection is raised in this Court for the first time, that no mention was made of it in the court below, and that it cannot be considered here, under previous decisions of this Court.    *Waterman v. Waterman,* 34 Mich. 490; *Ward v. Ward,* 37 Id. 259; *Hogelskamp v. Weeks,* Id. 422; *Wicks v. Ross,* Id. 464; *People v. Smith,* 42 Id. 138; *Advertiser & Tribune Co. v. Detroit,* 43 Id. 116; and numerous other cases.    We do not find, upon an examination of the bill of exceptions, that the specific objection was raised in the court below; nor has error been assigned upon the ground now taken.    We have frequently held that questions not raised by assignments of error cannot be considered.    See 1 Jac. & C. Dig. 724, tit. "Error," § 251, for citation of cases.

When the inquiry upon the trial of a cause involves fraud, the court is invested with a wise discretion as to the latitude he will allow counsel in the introduction of testimony and cross-examination of witnesses.    We have looked into this record with care, and cannot say that, under all the circumstances disclosed, the court abused such discretion.

We do not approve of the manner of cross-examination, by counsel for defendant, of the witness Stevenson, the plaintiff in this suit, nor of his treatment of the witness upon the stand.    It was not a proper course to pursue, and the court erred in permitting it.    The answer of the plaintiff, in stating that the counsel heard what he told Woltman, "unless his ears were stopped," doubtless operated as a provocation of what followed; and we do not think we ought to reverse the case for the error complained of, under the circumstances.

We think the court submitted the case to the jury under a very fair and impartial charge, in which he expounded the law to them correctly.    They have passed

upon the facts, found a verdict for the defendant, and the judgment entered thereon is affirmed.

The other Justices concurred.