FRAZEE v. STOTT.[1]

MASTER AND SERVANT — LIABILITY FOR INJURY — NEGLIGENCE OF FELLOW-SERVANT.

A mill owner who has furnished an employé with a safe place to work, and with proper machinery and appliances, and who has selected a competent foreman to superintend the mill and competent men to assist about the employment, is not liable for injuries sustained by such employé while operating a roller machine, due to the misplacing of a guideboard by other employés after the latter, by direction of the foreman, had exchanged the rollers in the machine; they being fellow-servants of the injured employé even while engaged in taking out and putting in the rollers.

Error to Wayne; Carpenter, J. Submitted April 20, 1899. Decided July 11, 1899.

Case by Clarence A. Frazee against David Stott for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

Defendant owns a flouring mill in the city of Detroit, and is the general manager of his business. Upon the

---

[1] Rehearing denied September 27, 1899.

floor of the mill are 28 roller machines, called "roller mills," of which one is used for grinding feed and the others for grinding flour. The feed mill is composed of two sets of rollers, one above the other, the upper set of rollers being nearer the front of the mill than the other, which is situated about eight inches below. Two side-boards, slanting inwards, one in front and the other in the rear of the upper set of rollers, and extending below it, were placed so as to carry the feed from the upper set of rollers to the lower. The rollers were made of steel, with corrugated surfaces. These corrugations became dull from use, and about every 10 days it became necessary to remove the rollers for sharpening, and replace them by others. An eccentric rod extended in front of the rollers, and between them. Plaintiff had been employed for five years in flouring mills, three of which had been in roller mills. When plaintiff was employed, the defendant's foreman, Mr. Hargraves, instructed him fully as to the operation of the machine, and he fully understood its mechanism and operation. It required his whole time to run the mill. Plaintiff gave evidence tending to show that the lower edge of the front guideboard was at first above the eccentric rod, leaving a sufficient space between the two for him to insert his hand. One of his duties was to insert his hand to catch the feed as it came from the upper rolls, to see whether the mill was doing proper work. This he was required to do many times daily. This was done by placing the ends of his fingers against the guideboard, and extending his hand under the lower edge a sufficient distance to catch some feed for examination. He had been in the employ of the defendant three weeks doing this work before the accident complained of. During this time the rollers had been twice exchanged. The mill was housed in with wood, and, in order to examine the feed, a door was opened in front of the guideboard. Plaintiff also gave evidence tending to show that, when the rollers were first changed, a small iron rod had been inserted above the eccentric rod for the purpose of strengthening

the woodwork; that the guideboard was at that time lowered so as to rest on that rod, but still leaving room for the insertion of his hand above the eccentric rod; that the rollers had been exchanged the day before the accident; that the front guideboard was then placed so as to rest upon the eccentric rod; that he placed his hand in the usual manner against the guideboard, moved it down and under, and caught his hand between the lower rollers, by means of which all the fingers of that hand were crushed off. The foreman of these mills instructed two other employés, named Enrich and Shafer, to take out the dull rollers and put in the sharp ones. They were chosen for this work because they were more experienced in the work than was the plaintiff, who had nothing to do with making the exchange, and was placed at other work about the mill while the exchange was being made. Enrich and Shafer were engaged in the same room in running the flour mills, whose sets of rollers were not placed one above the other. The negligence alleged is in lowering the guideboard to the eccentric rod, so that, in catching the feed for examination, it brought his hand in dangerous proximity to the lower set of rollers. The change in the guideboard is contested by the defendant, and so is the time of the change of rollers before the accident. The court directed a verdict for the defendant on the ground that Enrich and Shafer were fellow-servants, and, if they were negligent, their negligence is not chargeable to the defendant. A motion for a new trial was made, upon which the learned circuit judge, after a careful examination of the authorities, adhered to his former ruling, and filed an able opinion, giving his reasons.

*S. E. Engle*, for appellant.

*Keena & Lightner*, for appellee.

Grant, C. J. (*after stating the facts*). It appears conceded that plaintiff and Enrich and Shafer were ordinarily fellow-servants, but it is argued that they were not

fellow-servants in taking out and putting in the rollers, and that defendant's duty continued and rested upon him to continually inspect the machine, and that this duty was then the same as though a new machine were being put in place. The following facts are not contested:

1. That the machine was one in common use, was properly constructed, and properly set up.

2. That Enrich and Shafer were competent for the work. (One count in the declaration alleged their incompetency, but this was abandoned upon the trial.)

3. That the machine was in the same condition as when purchased, except the alleged lowering of the guideboard.

4. That Hargraves was a competent foreman to superintend these mills.

Defendant had furnished a safe place, proper machinery and appliances, and competent men to perform the work. Evidently he could not personally superintend all the details of the work. To sustain the contention of the learned counsel for the plaintiff would result in making an employer responsible for every negligent act of his employé, no matter how extensive his business, when such negligent act related to the necessary fixing of machinery, and that, too, when he himself may not be skilled in such things, and has done all that lay in his power, by furnishing good materials, appliances, and skilled and experienced men. It would result in overturning the well-established rule upon the negligence of fellow-servants. The question cannot be determined by the fact that the work to be done requires skill and experience, or that one servant occupies a position of greater responsibility, or is engaged in a different line of employment. The servant, in order to make his employer responsible for his negligent act, must be engaged in work which belongs to the master to superintend. A locomotive engineer of one train and the conductor of another are fellow-servants. So, also, are brakeman and engineer. *Michigan Central R. Co.* v. *Dolan*, 32 Mich. 510; *Conger* v. *Railroad Co.*, 86 Mich. 78. A miner and a timberman are fellow-servants.

*Quincy Mining Co.* v. *Kitts*, 42 Mich. 34. An engineer and a fireman are fellow-servants. *Henry* v. *Railway Co.*, 49 Mich. 495. Carpenters and other artisans, working in different departments, are fellow-servants. *Hoar* v. *Merritt*, 62 Mich. 386; *Beesley* v. *F. W. Wheeler & Co.*, 103 Mich. 196 (27 L. R. A. 266). A founder in a blast furnace and a locomotive engineer of the same company are fellow-servants. *Adams* v. *Iron Cliffs Co.*, 78 Mich. 271 (18 Am. St. Rep. 441). A brakeman and a car inspector are fellow-servants. *Dewey* v. *Railway Co.*, 97 Mich. 329 (22 L. R. A. 292, 37 Am. St. Rep. 348). A car loader and a shift boss in a mine are fellow-servants. *Petaja* v. *Mining Co.*, 106 Mich. 463 (32 L. R. A. 435, 58 Am. St. Rep. 505 ). A fireman and a section man on a railroad are fellow-servants. *Loranger* v. *Railway Co.*, 104 Mich. 80. See, also, *Schroeder* v. *Railroad Co.*, 103 Mich. 213 (29 L. R. A. 321, 50 Am. St. Rep. 354). If a master is not responsible for the negligent act of his servant, a carpenter, in erecting an unsafe scaffolding, upon what principle can defendant be held, in this case, for negligently placing the guideboard? The question has been so thoroughly discussed in the authorities above cited that we refrain from discussing it further.

Judgment affirmed.

The other Justices concurred.