MILLER *v.* MICHIGAN CENTRAL RAILROAD CO.

1. APPEAL AND ERROR—QUESTION NOT OPEN.

　　Whether the trial court erred in submitting a case to the jury
　　upon one only of several counts in the declaration cannot be
　　considered where defendant alone appeals.

2. RAILROAD COMPANIES—NEGLIGENT LOADING OF CARS—INSPEC-
TION—INJURY TO SECTION MAN—FELLOW-SERVANTS.

　　The train crew of a freight train in loading cars, and a station
　　agent in inspecting the cars to see that they are properly
　　loaded, are fellow-servants of the section men along the
　　line of the road, and, therefore, one of the latter, who is
　　struck by timbers projecting from a car negligently loaded
　　and inspected, cannot recover for his injuries against the
　　company, where it has fulfilled its duty to choose competent
　　servants, and to provide them with a safe place in which to
　　work, and with suitable machinery and appliances.

Error to Oakland; Smith, J. Submitted February 7,
1900. Decided March 13, 1900.

Case by Henry Miller against the Michigan Central
Railroad Company for personal-injuries. From a judg-
ment for plaintiff, defendant brings error. Reversed.

*John H. Patterson* (*Henry Russel*, of counsel), for
appellant.

*Joseph H. Holman* and *A. & S. H. Perry*, for
appellee.

MOORE, J.   The defendant brings error in this case to
review the proceedings of the court below, in which the
plaintiff was permitted to recover for personal injuries
alleged to have been caused by the negligence of defendant.
The plaintiff was an employé of defendant, and was en-
gaged at work in the line of his employment at the time
of the accident.   The conductor of a train which stops at

all the stations along the line to pick up and unload all kinds of freight, on reaching a certain station, was informed by the station agent that two pieces of timber, about 8 inches square and 25 or 30 feet long, were to be taken to another station, a few miles away. The conductor and two brakemen of the train crew placed the timbers on a flat car in the train, but failed to comply with the rules prescribed by defendant, with which they were familiar, for the proper loading of cars, in that they did not use a sufficient number of stakes to secure the timbers properly on the car. The agent also on this occasion disregarded the same rules, and neglected to inspect the loading to see that it was properly done. The train having resumed its journey, the timber, on account of the motion of the car, shifted sideways to such an extent that at a point some three or four miles farther on, where a gang of section hands of defendant were at work surfacing the track, one end of one or both of the pieces of timber projected beyond the side of the car. It was in the forenoon, and, as the train approached, the section men saw it, and moved aside to let it pass; but the plaintiff, the foreman of the gang, was not far enough away to escape the projecting timber, and was struck and injured by it. The train crew, the agent, and the plaintiff were competent and experienced men in their respective work, and at the time of the accident were all engaged in the ordinary course of their employment in the common service of the defendant. It is claimed the court should have directed a verdict for defendant, because the negligence, if any was shown, was that of fellow workmen.

The declaration contained seven counts. The court allowed the case to go to the jury upon the third .count only. The plaintiff did not appeal, and we cannot consider whether or not the court erred in declining to let the case go to the jury under any of the other counts. See *Stevenson* v. *Woltman*, 81 Mich. 200 (45 N. W. 825), and the many cases there cited.

The trial judge was in doubt as to whether he ought to have charged the jury that the conductor and the station agent, who were responsible for the loading of the timber, were fellow-servants with the plaintiff or not. He expressed himself as of the opinion that the cases decided in this court were not harmonious, and that under the later cases he ought to allow the case to go to the jury. He doubtless referred to the cases of *Balhoff* v. *Railroad Co.*, 106 Mich. 606 (65 N. W. 592); *Anderson* v. *Railroad Co.*, 107 Mich. 591 (65 N. W. 585); *McDonald* v. *Railroad Co.*, 108 Mich. 7 (65 N. W. 597). A reference to these cases will show that each of them announced the doctrine that it was the duty of the master to provide a reasonably safe place to work, and machinery, tools, or appliances in a reasonably safe condition with which to work, and that this was a duty which could not be delegated by the master, so as to escape liability. If the master has provided a safe place to work, or tools, machinery, and appliances reasonably safe with which to work, these cases do not indicate that the negligent use of these things by a fellow employé would make the master liable. These cases, as applied to the testimony in the case at bar, restricted as it was by the court to the third count in the declaration, did not justify a submission of the case to the jury upon the theory that the station agent and conductor were not fellow-servants. In that respect the case is controlled by *Dewey* v. *Railway Co.*, 97 Mich. 329 (52 N. W. 942, 56 N. W. 756, 16 L. R. A. 342, 22 L. R. A. 292, 37 Am. St. Rep. 348); *Jarman* v. *Railway Co.*, 98 Mich. 135 (57 N. W. 32); *Loranger* v. *Railway Co.*, 104 Mich. 80 (62 N. W. 137); and *Frazee* v. *Stott*, 120 Mich. 624 (79 N. W. 896). The last-named cases all relate to the negligent use by fellow-servants of cars, machinery, or appliances which were reasonably safe for the purposes for which they were intended. Under such circumstances it is held that the negligence of the fellow-servant does not make the master liable. If the distinc-

tion we have pointed out is borne in mind, we think it will be found the decisions are not inharmonious.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.