WILLIAM HOAR v. DANIEL H. MERRITT AND HARRIET L. MERRITT.

*Fellow-servant—Plaintiff held such on facts stated in head-note—If master uses reasonable care in selection of competent and trustworthy men to perform certain work—And furnishes suitable material therefor—He is not liable to a workman for injury received in consequence of negligence of his fellow-servants while engaged in the common service—It is a risk incident to the common employment, assumed when plaintiff entered the common service—Wife who owns real estate on which husband erects a building—He furnishing the means, and she having nothing to do with the enterprise—Cannot be made liable for injury sustained by employee of husband.*

Defendant Daniel H. Merritt erected a dwelling-house on land owned by his wife. He employed a superintendent by the month, who had general charge of the work under Merritt's direction, hiring all the men except the painters, and by whose direction a scaffold was erected for use in constructing the cornice to the building. Merritt furnished plenty of *suitable* material, but gave no directions as to building the scaffold or the manner of its construction. The superintendent directed that the supports should be brackets projecting from the windows of the upper story, and the carpenters followed his instructions. They were *competent* workmen, and there was no *defect* in the *plan* adopted.

On completion of the cornice Merritt employed a foreman by the day to do the painting, who was to furnish brushes and employ his assistants, to be paid by Merritt, the foreman to receive twenty-five cents a day for each man so employed, to compensate him for said brushes and for overseeing the work. Merritt furnished all other material. The painters used the scaffold erected by the carpenters, which gave way, precipitating plaintiff, one of said assistant painters, to the ground, and permanently injuring him; whereupon he brought suit against Merritt and his wife for the injuries received, as he claimed, through their negligence in not constructing and maintaining sufficiently strong and safe scaffolding for him to work upon.

The circuit judge directed a verdict for defendants on the foregoing facts, holding that plaintiff, being a fellow-laborer with the superintendent and the carpenters who built the scaffold, could not recover.

*Held*, that there was no error in the action of the court; that the persons so employed being all fellow-servants, and the master having

used *ordinary* or *reasonable* care in the selection of competent and trustworthy men to perform the work, and furnished them suitable means therefor, he is not answerable to the plaintiff for an injury received in consequence of the negligence of his fellow-servants while engaged in the common service. It was a risk incident to the common employment which plaintiff assumed when he entered the master's service. [1]

*Held*, further, that under no view of the facts can defendant's wife be made liable. She was merely the owner of the land, and had nothing to do with the building, which was constructed and paid for by her husband.

Error to Marquette. (Grant, J.) Argued April 6, 1886. Decided July 15, 1886.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion and summarized in head-note.

*W. P. Healy*, for appellant:

It was defendants' *duty* to furnish a safe scaffold for plaintiff to work upon. The question of fellow-servants is not involved in this case. This duty cannot be evaded by allowing the workmen to build the scaffold without any supervision, or by delegating such construction to a foreman: *Swoboda v. Ward*, 40 Mich. 423 ; *Samuelson v. Cleveland I. M. Co.*, 49 Id. 172; *Parkhurst v. Johnson*, 50 Id. 70 ; *Hathaway v. M. C. R. R. Co.*, 51 Id. 258 ; *Huizega v. Cutler, etc., Lumber Co.*, Id. 272 ; *Broderick v. Detroit, etc., R. S. & D. Co.*, 56 Id. 261 ; *Connolly v. Poillon*, 41 Barb. 366 ; Cooley on Torts, 550 ; *Crispin v. Babbitt*, 81 N. Y. 521; *Kelly v. Erie Telegraph & Telephone Co.*, 34 Minn. 321.

There is a growing tendency in the courts to require those who erect scaffolds for men to risk their lives on to use care and caution in building them: *Coughtry v. Globe Woolen Co.*, 56 N. Y. 128.

If the question of the negligence of fellow-servants is involved, then Gregory was not a fellow-servant of plaintiff.

Superintendents, architects, and foremen are never laborers or servants,—except when it becomes judicially necessary to shield the employer in a manner illogical, fictitious, inconsistent, and inhuman : *Louisville & Nashville R. R. Co.*

[1] Morse, J., dissents, holding that plaintiff was not a fellow-employe of the men who built the scaffold.

*v. Collins*, 2 Duvall (Ky.), 114; *Crispin v. Babbitt*, 81 N.
Y. 529 (per Earl, Danforth, and Finch, JJ.); *Chicago,
Mil. & St. P. Ry. Co. v. Ross*, 112 U. S. 394; 1 Redfield
on Railways, 554.

As to liability of defendant for negligence of Gregory, his
superintendent, counsel cite : *Ryan v. Bagaley*, 50 Mich.
179 ; *Rodman v. Mich. C. R. R. Co.*, 55 Id. 57 ; *R. R. Co. v.
Keary*, 3 Ohio St. 201 ; *R. R. Co. v. Stevens*, 20 Ohio,
415 ; *Berea Stone Co. v. Kraft*, 31 Ohio St. 287 ; *L. S.
& M. S. Ry. Co. v. Lavalley*, 36 Id. 221 ; *Brabbits v. C. &
N. W. Ry. Co.*, 38 Wis. 290–7–8; *Schultz v. C., Mil. & St.
P. Ry. Co.*, 48 Id. 375, 380 ; *Luebke v. Same*, 59 Id. 130 ;
*Daub v. Northern Pacific R. R. Co.*, 18 Fed. Rep. 625 ;
*Davis v. Central Vt. R. R. Co.*, 55 Vt. 84 ; *A., T. & S. F.
R. R. Co. v. Moore*, 31 Kan. 197; *Hannibal & St. Joseph
R. R. Co. v. Fox*, Id. 586 ; *Hall v. Mo. Pac. R. R. Co.*, 74
Mo. 298.

*M. H. Maynard, D. H. Ball, Sumner Collins*, and *Ed-
win F. Conely*, for defendants :

There were no relations whatever between the plaintiff
and Mrs. Merritt, hence she was charged with no duties in
the premises : *Emery v. Lord*, 26 Mich. 431 ; *Willard v.
Magoon*, 30 Id. 273 ; *Bennett v. Seligman*, 32 Id. 500 ;
*Newcomb v. Andrews*, 41 Id. 518 ; *Morrison v. Berry*, 42
Id. 389 ; *Holmes v. Bronson*, 43 Id. 563.

All who are actively engaged in accomplishing a common
object (for another) are co-employes : Cooley on Torts,
561–2 ; *Gallagher v. Piper*, 16 C. B. (N. S.) 669–694 ;
*O'Connor v. Roberts*, 120 Mass. 227 ; *Laning v. N. Y. C.
R. R. Co.*, 49 N. Y. 521 ; *M. C. R. R. Co. v. Dolan*, 32 Mich.
510 ; Wharton on Neg. § 229 ; Wood on Master and Ser-
vant, 809.

CHAMPLIN, J. Defendants are husband and wife.

Mrs. Merritt is the owner of lots Nos. 12 and 13 in Hew-
itt's addition to the city of Marquette. Upon these lots, in
1880, Daniel H. Merritt erected a large stone house. He
employed an architect, who prepared the plans and directed
and superintended the work. His position was that of fore-
man or overseer. He was employed by the month. The
defendant Daniel H. Merritt furnished all the materials, and
he gave directions to the superintendent whenever occasion

required. The superintendent hired all the men except the painters.

When the building was ready for the construction of the cornice, the person employed as superintendent directed the carpenters to build a scaffold. Mr. Merritt furnished plenty of material, and of good quality, to build a good, strong scaffold, but gave no directions to build it, or in what manner it should be constructed. The superintendent directed the kind of supports to be used, which were to be brackets projecting from the windows of the upper story, and the carpenters went on and constructed it according to his instructions. There was no defect in the plan, and the carpenters were competent workmen. They worked upon it, in putting up the cornice, for about three weeks. When it was completed and ready for the painters, Mr. Merritt employed a Mr. Zryd as a foreman to do the painting. He was to pay him by the day. Mr. Zryd was to employ other painters, whom Mr. Merritt was also to pay going wages, and Mr. Zryd was to furnish brushes, and receive 25 cents a day for each man employed, to compensate him for brushes and overseeing. All other materials were to be furnished by Mr. Merritt.

When the painters commenced to paint upon the cornice, they went upon and used the scaffold which had been erected by the carpenters. The plaintiff in this suit was a painter, and had been engaged by Mr. Zryd to assist in painting the cornice. In doing so he went with others upon the scaffold, which gave way, and precipitated him to the ground. He fell a distance of about 22 feet, and received severe and permanent injuries.

This was on the eleventh of August, 1880.

On July 8, 1885, he brought this action against defendants to recover damages for the injuries received by him, through the fault and negligence, as he claims, of defendants in not constructing and maintaining a sufficiently strong and safe scaffolding for him to work upon.

The circuit judge directed a verdict for the defendants, upon the ground that the testimony showed that defendants

had selected a competent and careful overseer, and had fur-
nished suitable materials for constructing the scaffold, and
that plaintiff was a fellow-laborer with Gregory, the overseer,
and the carpenters who built the scaffold, and therefore the
plaintiff could not recover.

No question arises as to the relations which existed between
Mr. Merritt and plaintiff. They were plainly those of mas-
ter and servant. As master he was bound to furnish appli-
ances or instrumentalities as safe and free from defects as
ordinary care and prudence could provide; and this care
must have been commensurate with the risks to his laborers
incident to faulty or defective appliances, and he must have
continued to see that they were in a proper and safe condi-
tion while in use by his servants. How did he discharge this
duty? He furnished suitable materials for constructing the
scaffolds. He employed competent, suitable, and careful men
to plan and build them. None of these laborers, including
the plaintiff, were independent contractors. They were all
employed in a common pursuit,—in carrying out a common
enterprise,—and that was in building a house for Mr. Mer-
ritt, to accomplish which it was necessary that the wall should
be constructed by the masons, the carpenter and joiner work
should be done by the carpenters, the painting should be
done by the painters; and in the execution of the common
design it was necessary that the scaffold should be erected
for the convenience of both carpenters and painters, which
should be safe and secure for men to go upon and perform
their portion of the allotted work. These persons so em-
ployed were all fellow-servants.

Having used ordinary or reasonable care in the selection
of competent and trustworthy men, and furnished them with
suitable means to perform the services in which he employed
them, he is not answerable to the plaintiff for the injury
received by him in consequence of the negligence of his fel-
low-servants while engaged in the same service. If they
were negligent in not making the scaffold sufficiently strong
for the carpenters and painters to work upon, it was a risk
incident to the common employment which the plaintiff took

upon himself when he engaged himself to and entered defendant's service.[1]

The case nearest like the one under consideration is that of *Coughtry v. Globe Woolen Co.*, 56 N. Y. 124. In that case the defendant entered into a contract with Osborn & Martin to build a mill. By the contract, if scaffolding or stagings were required in putting up the cornices, they were to be furnished without expense to the contractors. Defendant's employes erected a scaffold for the purpose of the work, and plaintiff's intestate, who was employed by Osborn & Martin, was at work upon the scaffold, which, owing to defective construction, gave way, and he fell and was killed. It will be noticed that plaintiff's intestate and the employes of defendant were not fellow-servants, and therefore the rule of law which exempts the master from liability arising from the negligence of a fellow-servant could not apply. That element of defense being eliminated, the defendant was very justly held liable for the acts of its servants in erecting an insufficient structure upon its own premises, which was furnished for the very purpose of being used by the plaintiff's intestate.

In this case the scaffold was erected by the carpenters for their purpose in building the cornice. They were the persons most interested in building it safe and strong. They had worked upon it for three weeks, and the evening before the accident three men were at work putting up a heavy bracket at the point which fell the next morning, with the weight of but two men upon it, and it bore them safely up. It gave away on the morning after the carpenters had finished using it, for some unexplained reason.

The evidence showed that one of the steps that held the foot of one of the brackets had become loosened from the floor, to which it was nailed, thus letting the bracket pitch forward and the plank slide off; but no reason is given why the fastening should give out at this particular time.

[1] See *Donaldson v. Wilson*, 60 Mich. 86; *Smith v. Peninsular Car Works*, Id. 501-8.

Evidence was introduced to show that the scaffold might have been made stronger by supports from the ground, to which the horizontal piece of the bracket might have been fastened; but no reason was given, or evidence introduced to show, why the scaffold as it was constructed, which proved to be sufficiently strong and safe to support the carpenters, would not be equally secure and sufficient to support the painters. It is difficult to see how the defendants neglected any duty which they owed to the plaintiff under the circumstances of the case. They had not undertaken to build this scaffold for the use of the painters, and had not invited them to go upon it. It was there for another purpose, and it was the duty of the painters to ascertain if it would answer their purpose, and of this they were better qualified to judge than defendants.

Under no view of the facts can the defendant Harriet L. Merritt be made liable. She was merely the owner of the land. She had nothing to do with the building. This was carried on and paid for by her husband.

We think the conclusions reached by the circuit judge were correct, and the judgment is affirmed.

CAMPBELL, C. J., and SHERWOOD, J., concurred.

MORSE, J. (*dissenting*). I agree that the defendant Harriet L. Merritt could not be made liable in this action; but I do not think the plaintiff was a fellow-employe of the men who built the scaffold, and believe that the defendant Daniel H. Merritt should have been held responsible for the injury to plaintiff.