ROSE M. DEWEY, ADMINISTRATRIX, ETC., v. PARKE, DAVIS & COMPANY.

*Negligence—Fellow-servants.*

Upon the facts stated in the opinion, it is held that plaintiff failed to make out a case of negligence against the defendant, and the judgment is affirmed. *Hoar v. Merritt*, 62 Mich. 390.

Error to Wayne. (Reilly, J.) Argued June 26, 1889. Decided October 18, 1889.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Washington I. Robinson,* for appellant.

*Russel & Campbell,* for defendant.

CHAMPLIN, J.   Alexander Dewey was a carpenter, and was in the employment of the defendant corporation, which was engaged in a business that in one of its departments required the services of carpenters, and from three to six were kept

in employment all the time.   One Wetzel was superintend-
ent of defendant corporation, and one William Lodge was
the foreman over the carpenter department.   If a carpenter
was needed, Lodge reported to Wetzel, and he would author-
ize Lodge to employ him.   Lodge had authority to discharge
carpenters in his discretion.   When carpenter work was to be
done in his department, Lodge would report to Wetzel what
he regarded as needful, and Wetzel would give orders with
reference thereto.   All of the departments were under the
control of Wetzel.

The orders from Wetzel to the foreman, Lodge, to perform
work were issued by Wetzel in writing, and the foreman's
duty was confined to carrying out Wetzel's instructions.

In February, 1888, some alterations were being made in the
business offices of defendant in the second story of a block
owned or used by it, which involved the removal of some
partitions from one portion of the rooms to another.   The
rooms were from 12 to 14 feet in height, and, to enable the
carpenters employed to do the work, a scaffold was neces-
sary.

The foreman, Lodge, took two ordinary brick-layer's
horses, which were about five feet in height, and, to make
them still higher, securely fastened a plank lengthwise upon
each of them, about one foot in width, for the purpose of
supporting the plank to be laid across them.   There were
plenty of two-inch plank lying upon the floor in the room.
After preparing these supports, Lodge directed the carpen-
ters present, among whom was Dewey, to use at least two
planks for the platform for them to work upon, and then
left the room to attend to his other duties.

The platform was used in taking down a partition in the
forenoon, and three men worked upon it at a time.   In the
afternoon it had been moved to where a partition was to be
placed; but at this time it had but one plank, about twelve
feet long, supported by these horses, which stood about six

feet apart.  Who removed the horses, and placed this single plank upon them, does not appear.  Dewey was doing work upon this partition which required that he should stand upon the platform.  He called to another carpenter to assist him. They both stood upon this single plank, less than two inches in thickness and one foot wide, when the plank broke, and they fell to the floor.  Dewey's knee was badly injured. He was taken to his home, and within two weeks died, as is alleged, from the effects of his injury.  Dewey had worked at his trade for many years, and was an experienced carpenter, as were also his co-employés.

The defendant introduced no testimony, and requested the court to direct a verdict for defendant on the ground that no negligence on the part of the defendant had been proven, and that, if Lodge was guilty at all of negligence in the construction of the platform, it was the negligence of a fellow-servant of the deceased.  The court complied with the request.

We are all agreed that the plaintiff failed to make out a case of negligence against defendant.  *Hoar v. Merritt,* 62 Mich. 390 (29 N. W. Rep. 15).

The judgment is affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.