ANNA BARON, ADMINISTRATRIX, ETC., v. THE DETROIT
& CLEVELAND STEAM NAVIGATION COMPANY.

*Negligence—Fellow-servants.*

A ship carpenter cannot recover for injuries received while work-
ing on a vessel by falling down a hatchway, which was left
uncovered before the gangways were opened in the morning
by his fellow-servants.

Error to Wayne. (Gartner, J.) Argued April 6 and
7, 1892. Decided May 13, 1892.

Negligence case. Plaintiff brings error. Affirmed.
The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellant.

*Moore & Canfield (F. H. Canfield,* of counsel), for
defendant.

MONTGOMERY, J. The plaintiff's intestate brought suit
to recover damages for injuries received while at work
for the defendant as a ship carpenter aboard the City of
Alpena. The negligence imputed to the defendant was
leaving the hatchway open, and the failure to open the
gangways before the hour when the deceased was expected
to commence work, by reason of which the deceased,
while crossing the deck, fell into the open hatchway,
and was seriously injured. The circuit judge directed a
verdict for the defendant, and the plaintiff, having
revived the case, brings error.

The testimony of the deceased showed that he was a
ship carpenter of ten years' experience, and had been at

work on the Alpena for two or three weeks before the accident; that he knew of the existence of the hatchway; that there had been lumber previously piled just behind the hatchway, in such a manner that, it was claimed, if the lumber had remained in that position, no one could fall into the hold from the hatchway. It appears that the planks had been removed the evening before, and that on the morning in question the deceased came aboard and found the gangways had not been opened, so that it was dark forward. His testimony tended to show that while crossing the deck for the purpose of opening the gangway he fell into the open hatchway. The deceased knew where the hatchway was located, and knew that work was being done in the hold. The men employed on the boat were five or six ship carpenters, the engineers, two joiners, and two or three other men, "all working together to fit out the boat," as the deceased testified.

If it be assumed that there was evidence of negligence on the part of the defendant, and of due care on the part of the deceased (a view which we do not intimate), the negligence, if any, must be held to be that of a fellow-servant. *Caniff v. Navigation Co.*, 66 Mich. 638.

The contention of the plaintiff is that the defendant was bound to furnish the deceased a safe place to perform his work. This is true, but the injury in this case is not attributable to any failure to do so, but resulted from a fault in the use made of the place. The fault in leaving the hatchway uncovered before the gangways had been opened was a fault, not of those charged with the duty of furnishing a safe place to work, but of those engaged with deceased in making use of a place admittedly safe. The case of *The Victoria*, 13 Fed. Rep. 43, is in principle precisely analogous to the present.

See, also, *Armour v. Hahn,* 111 U. S. 313 ( 4 Sup. Ct..
Rep. 433); *Hoar v. Merritt,* 62 Mich. 386; *Caniff v..
Navigation Co.,* 66 Id. 638.

Judgment should be affirmed.

The other Justices concurred.