ZAP *v.* NEWPORT MINING CO.

MASTER AND SERVANT — MINES AND MINING — NEGLIGENCE—ASSUR-
ANCE OF SAFETY.

    Where plaintiff was employed in defendant's mine as a
trammer and in the ordinary course of his work at tak-
ing out the ore he became apprehensive that the place
was dangerous and notified the shift boss, who inspected
the surroundings and advised plaintiff that everything
was safe and to resume work, there was no evidence
which had a tendency to establish any actionable negli-
gence on defendant's part in relation to any duty which
was nondelegable, to maintain the ordinary conditions for
the safety of miners.[1]

Error to Gogebic; Cooper, J. Submitted November
13, 1914. (Docket No. 45.) Decided March 17, 1915.

Case by Mike Zap against the Newport Mining
Company for personal injuries. Judgment for de-
fendant upon a directed verdict. Plaintiff brings
error. Affirmed.

*Le Gendre & Driscoll,* for appellant.

*C. W. Westerman (Charles F. Fawsett,* of counsel),
for appellee.

OSTRANDER, J. It is the claim of the plaintiff that
while he was employed by defendant as a trammer, in
March, 1912, a quantity of earth and ore fell upon him,
some of it entering into and irritating his eyes. As
a result they became infected; the vision of one of
them is greatly impaired; and a chronic inflamma-
tion of the eyelids (trachoma) exists. He sued for
damages for his alleged injuries, and when, upon the
trial of his case, the plaintiff had rested, the court,

    [1] For what acts of superior servant master is liable, see note in
51 L. R. A. 584.

upon the motion of defendant's counsel, directed a verdict for defendant, upon which judgment was rendered. In directing the verdict, the court said:

"The proof offered by the plaintiff in this case clearly brings the case within the law as laid down by the Supreme Court in the case of *Petaja* v. *Aurora Iron Mining Co.* In that case, as in this, the plaintiff was a trammer in the employ of the defendant company. The case is in volume 106 of the Michigan Reports, at page 463. At page 466 [64 N. W. at page 335] the court says: 'This ore was loaded upon cars and removed by common laborers, called "trammers."' The Supreme Court goes on to say that above them was the shift boss, just as in this case. It appears that in the *Petaja Case* the accident happened in a very similar manner to the accident in this case. There had been ore blasted out so that when it would be removed there would be room for another set of timbers. The trammers were at work taking out that ore; it being the intention to put up a set of timbers just as soon as the ore was taken out. While the trammers were removing that ore they thought the place looked dangerous, and they called upon the shift boss for an inspection. On page 467 of 106 Mich. [on page 335 of 64 N. W.], it says: 'Some indications of danger were noticed by the trammers, who called the attention of the shift boss to it, but, after looking at it, he told them it was all right, and to quit "monkeying," and resume work, which they did. The accident occurred about 30 minutes later.'

"That corresponds identically with the situation in this case. In this case the plaintiff, while at work tramming out the ore, thought the place looked somewhat dangerous, and he called upon the shift boss for an inspection. The shift boss looked at the place and told him it was all right, and to resume work. I am unable to see any distinction between the *Petaja Case* and the present case. I shall therefore direct a verdict in favor of the defendant, under that decision."

The court was not in error in finding that the facts in the *Petaja Case* and in the case at bar, in respect to the conditions from which injury arose, are substantially the same; and, while counsel for the appel-

lant seeks to distinguish the cases, the argument in its essence is that in *Scendar* v. *Mining Co.,* 169 Mich. 665 (135 N. W. 951), and perhaps in other cases, the court has modified the rule of the earlier decision. That the rule of the *Petaja Case* has not been modified is apparent from the opinion in *Koskell* v. *Mining Co.,* 182 Mich. 586 (148 N. W. 699), and cases cited in the opinion.

There is no testimony tending to prove that the defendant was guilty of a breach of the delegable duty to maintain the ordinary conditions making for the safety of employees in such places; guilty of a breach of the duty not to be reckless. See *Lake Superior Iron Co.* v. *Erickson,* 39 Mich. 492 (33 Am. Rep. 423). If the contributory negligence of plaintiff was a controlling issue, the alleged assurances of the shift boss that the place was safe might be important. There is no evidence of defendant's negligence.

The judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, BIRD, MOORE, and STEERE, JJ., concurred. STONE, J., did not sit.