## KANGAS *v.* CLEVELAND CLIFFS IRON CO.

1. MASTER AND SERVANT—MINES—TIMBERING—FELLOW SERVANTS.
   Evidence tending to establish that plaintiff, an experienced miner in defendant's employ, was injured by a fall of rock from an old stope below which his work was carried on, that the day shift which preceded him was charged with the duty of timbering the roof from which the fall took place, and that they omitted to block up the opening into the old stope, as they should have done, justified the trial court in directing the jury to return a verdict for defendant under the fellow-servant doctrine, since the failure of the men charged with the duty of putting in the sets so as to block up the alleged opening was the work of fellow servants of plaintiff whose duties in the night shift included the work of removing timbers from the drift and replacing them with new timbers.[1]

[1] On the responsibility of master for safe place to work when conditions are changing, see notes in 19 L. R. A. (N. S.) 340, 28 L. R. A. (N. S.) 1267.

As to servants in mine as fellow servants, see note in 50 L. R. A. 437, 461.

2. SAME—CON-ASSOCIATION RULE.

The so-called con-association rule, applied in Illinois and other States, that the employees must co-operate in the business in hand in the same line of employment, or that their duties should bring them into habitual association so that they might exercise a mutual influence on each other promotive of caution, etc., in order to make them fellow servants, has not been adopted in Michigan, and, hence, it is not the rule in this State that the employees must be engaged in common employment at the same time.

3. SAME—FELLOW-SERVANT RULE.

Those who serve the same master, work under the same control, derive authority and compensation from the same common source and are engaged in the same general business, though in different grades or departments of it, are fellow servants.

4. SAME—NON-DELEGABLE DUTIES—WARNING.

Defendant mining company was not liable to plaintiff for breach of the nondelegable duty to warn him of the danger from falling rocks, etc., where plaintiff was familiar with the work of retimbering, which it was usual for miners to do, and the men selected to perform the labor were competent and plaintiff was engaged with them in the work of making the place safe.

Error to Marquette; Flannigan, J. Submitted June 23, 1915. (Docket No. 27.) Decided September 28, 1915.

Case by Jacob Kangas against the Cleveland Cliffs Iron Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*N. A. Ruonavaara* and *Le Gendre & Driscoll,* for appellant.

*William P. Belden* and *Thomas Clancey,* for appellee.

KUHN, J. The plaintiff was injured while in the defendant's employ as a miner in the Lake mine, in

Marquette county, on May 18, 1910.  At the time of
the accident the mine was being operated by two
shifts; the day shift commencing work at 7 o'clock and
ending at 6 o'clock, and the night shift commencing
at 7 o'clock and ending at 6 o'clock.  These shifts were
engaged in the work of removing certain old timbers
from a sublevel and replacing them with new ones,
because the pressure of the mine had gradually crowd-
ed the timbers down until the space in the drift had
become too small to permit the tram cars to pass
through.  With this operation the plaintiff was familiar,
as he had helped repair and fix up old timber sets
before.

It is the claim of the plaintiff—and there is testimony
in support thereof—that the men of the day shift were
negligent in carrying on this work, in that they did
not block up the space which was left between the top
of the second set of timbers and the back of the drift
or sublevel, and it is claimed that there was a hole
which led from the opening at the top of the lagging
up into an old stope, and that the rock which injured
the plaintiff came down from the old stope, out through
this hole, which was left by reason of the absence of
blocking, and struck the plaintiff.

As it was conceded that, if the men who were
charged with the duty of putting up these sets, putting
in the lagging, and blocking it, had performed their
duty, the accident would not have happened, the learned
trial judge directed a verdict for the defendant, for
the reason that, if the accident happened as claimed
by the plaintiff, it was the result of the negligence of
the fellow servants of the plaintiff, and not of any
negligence on the part of the defendant, and that there-
fore the plaintiff could not recover.

Is is the contention of counsel for the appellant
that the fellow-servant rule is not applicable in
the instant case, because the employee who was

injured and the employees because of whose negligence the accident happened were not working for the same master *at the same time*. In support of their contention they invoke what is known as the "con-association doctrine" by the authorities. This doctrine is chiefly in vogue in the State of Illinois, and holds that, in order to constitute servants of a common master fellow servants, it is essential that they should at the time in question actually co-operate with each other in the particular business in hand in the same line of employment, or that their duties should be such as to bring them into habitual association, so that they may exercise a mutual influence on each other promotive of proper caution. See 4 Thompson on Negligence, § 4970; 26 Cyc. p. 1279; *Chicago, etc., R. Co.* v. *Moranda,* 93 Ill. 302 (34 Am. Rep. 168).

We cannot find, however, that this doctrine has ever found support in the decisions of this court. The definition of a fellow servant which has been approved repeatedly is found in *McCauley* v. *Railroad Co.,* 167 Mich. 230, 236 (132 N. W. 510, 512), where this court said:

"The general rule in this State, as repeatedly held by us, is that—

"'all who serve the same master, work under the same control, derive authority and compensation from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, are fellow servants.' *Adams* v. *Iron Cliffs Co.,* 78 Mich. 271-288 (44 N. W. 270, 18 Am. St. Rep. 441)."

In the application of this rule, it has never been held that the employees need be engaged in the same common work at the same time. It seems to be sufficient if they are in the employment of the same master, engaged in the same common work, and performing duties and services for the same general purpose. See *Hoar* v. *Merritt,* 62 Mich. 386 (29 N. W. 15); *Caniff*

v. *Navigation Co.*, 66 Mich. 638 (33 N. W. 744, 11 Am.
St. Rep. 541) ; *Beesley* v. *F. W. Wheeler & Co.*, 103
Mich. 196 (61 N. W. 658, 27 L. R. A. 266) ; *Koskell* v.
*Mining Co.*, 182 Mich. 586 (148 N. W. 699). It will
be noted that in the instant case the day and night
shifts were engaged in exactly the same work; the
incoming shift simply taking the place of the outgoing
shift. In the case of *Mirabile* v. *Murphy Co.*, 169 Mich.
522 (135 N. W. 299), a case relied upon by appellant,
it appears that the plaintiff, who was a janitress in the
Penobscot Building in Detroit, was riding up an ele-
vator at the time of the injury, but she had not as yet
reached the place where her work began. This court
held that up until the time she actually began to work
she was not subject to the fellow-servant rule, because
the relationship of master and servant did not exist.
Likewise in the case of *Moronen* v. *McDonnell*, 177
Mich. 691 (143 N. W. 8), although the plaintiff was
an employee of the defendant, at the time of the
accident he was not at work. The accident occurred
during the noon hour, while the plaintiff was sitting
on the grounds in the vicinity of the quarry, eating his
dinner, and this court held that the relationship of
master and servant did not exist

—"between him (the plaintiff) and defendant, in the
strict sense requisite to make applicable the fellow-
servant rule or the doctrine of safe place and duty to
instruct due from master to servant."

Under the facts in this case, and under the law of
this State as established by the decisions of this court,
there can be no escape from the conclusion that the
relationship of fellow servant between the employees
of the day and night shifts did exist.

It is also urged by counsel for appellant that the
defendant owed the plaintiff the nondelegable duty to
warn him of the existence of the dangers in this case.
There is no question made but that the plaintiff himself

was an experienced miner, and, as he himself stated, was familiar with the work in which they were engaged at the time of the accident, and that it was usual and customary for the miners to do the work of retimbering. There is no question but that the men whom the defendant selected for this purpose were skilled and experienced in this particular line of work, and that they were engaged in the work of making a safe place. We think what was said by this court in *Andrews* v. *Mining Co.*, 180 Mich. 72 (146 N. W. 394), is applicable here.

"Under the undisputed evidence in this case, as far as performing his work was concerned, plaintiff's decedent was engaged in making a safe place, and it is self-evident that it would be an impossibility for the defendant to cause the timbering in this stope to be done in advance for the protection of the men who themselves were specially employed to put in the timbering. The dangers were only those necessarily incident to the employment, changing from hour to hour, as the work progressed, and it is apparent that, by reason of the character of the work and the dangers attending it, miners of extraordinary skill and experience were selected, invested with power and authority to determine for themselves the safety of the place before going to work. This court has held that under circumstances of this character the doctrine of safe place does not apply. *Petaja* v. *Mining Co.*, 106 Mich. 463 (64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505)."

The absolute and nondelegable duty to warn arises in this jurisdiction as an incident of the defendant's duty to furnish and maintain a reasonably safe place for the plaintiff to perform his work. In the case before us the plaintiff himself was engaged in the very work of making the place safe, and, as we have stated, in such a case the doctrine of safe place does not apply. *Mikolojczak* v. *Chemical Co.*, 129 Mich. 80 (88 N. W. 75) ; *Koskell* v. *Mining Co., supra; Zap* v. *Mining Co.,*

184 Mich. 437 (151 N. W. 554) ; *Juntunen* v. *Mining Co.,* 184 Mich. 341 (151 N. W. 571) ; *Mesich* v. *Mining Co.,* 184 Mich. 363 (151 N. W. 564) ; *Vrelenich* v. *Mining Co., post,* 407 (154 N. W. 39).

Judgment is affirmed.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.