## THE PENINSULAR STOVE COMPANY v. GEORGE E. OSMUN AND ROBERT E. DAWSON.

*Practice—Bill of particulars—Notice of trial—Motion to strike case from docket—Waiver of irregularities in proceedings.*

1. Where the *facts* relied upon as amounting to a waiver of irregularities in the proceedings in a case are *undisputed*, the question of such waiver is for the court.

2. Where a jury were sworn for the trial of a case *before* it was at issue, and, *after* filing a plea, a motion to strike the case

from the docket because of such premature notice, and because the jury were not resworn after joining issue, was denied, and the defendant proceeded to trial without further objections, and introduced his testimony under his plea and notice (stating that he did so under protest, and reserving all rights in the case, and waiving no objections), and the court directed a verdict for the plaintiff for a given amount, the defendant cannot be allowed to urge the objection that the jury were not sworn to try the issue made by the plea; which objection ceases to have any force, even if not waived, if the testimony justified such direction of a verdict.

3. A party may waive an absolute right in his favor, even though it be granted by statute.

4. A party cannot be permitted to occupy inconsistent positions, where the exercise or assertion of the one involves the abandonment of the other.

5. The orderly conduct of the business and the practice of the court require that cases not properly on the docket for trial should be brought to the attention of the court on the first day of the term, and it is inconsistent for a party making such claim to wait until the case is reached, a jury impaneled, and a witness sworn in the case, before raising the objection.

Error to Wayne. (Brevoort, J.) Argued January 18, 1889. Decided February 1, 1889.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Albert J. Chapman,* for appellants.

*Bowen, Douglas & Whiting,* for plaintiff.

CHAMPLIN, J. Suit in the above-entitled cause was commenced in the circuit court for the county of Wayne upon the common counts in *assumpsit* by the filing of declaration, with notice indorsed requiring the defendants to plead in 20 days after service of copy of declaration. On the 20th day the defendants entered their appearance by Albert J. Chapman, their attorney, who on that day served a demand upon the plaintiff's attorneys for a bill of particulars of the plaintiff's claim. This demand was

served February 27, 1888. The plaintiff did not comply with this demand, and no further steps were taken by either party until August 27, 1888, when the plaintiff's attorneys noticed the cause for trial upon defendants' attorney, for the next term of court, and directed the clerk to place the cause upon the calendar, and also filed a written demand for a jury.

The cause was reached for trial October 9, 1888, when a jury was impaneled and sworn to try the same. Messrs. Bowen, Douglas & Whiting appeared as attorneys for the plaintiff, and Albert J. Chapman appeared as attorney for the defendants. The case was opened to the jury by Mr. Whiting for the plaintiff, and then a witness was called for the plaintiff and sworn. At this point in the proceedings the defendants' attorney objected to any further proceedings in the cause, and read in support of the objection an affidavit made by him, which he had already prepared and sworn to on that day, which stated the fact of the demand of a bill of particulars, and that the demand had not been complied with. He also read from a paper on file proof by affidavit of the demand made February 27, and filed the next day, and demanded a nonsuit, and that it be granted with costs. The court refused to nonsuit the plaintiff, but allowed it to file and serve a bill of particulars on payment of $10, and ordered the case to stand open until 3 o'clock, to enable the plaintiff to furnish a bill of particulars. The defendants' attorney excepted to the ruling of the court. At 3:15 o'clock P. M., the attorneys of the respective parties being in court, the attorney of the plaintiff stated that he was entitled to a copy of the plea; that he could make affidavit that he had not received one. The court then stated: "I will give you until half-past nine o'clock to-morrow morning to get this case ready for trial;" and adjourned the court. The defendants' attorney on October 9 filed in said cause

a plea of the general issue, and notice of special matter thereunder, and served a copy on the attorneys for plaintiff. On the next morning the defendants' attorney again objected to proceeding in the cause upon the two following grounds, viz.:

"1. That the $10 fee has not been paid; that such fee should have been paid before the plaintiff could file and serve the bill of particulars.

"2. That they have not filed a copy of the bill of particulars."

There was some dispute between the counsel and the court whether he had required that the bill of particulars should be filed as well as served, but the order, as made, showed that the plaintiff was to file and serve a bill of particulars, and such is the requirement of the statute. Laws of 1885, Act No. 100. It appears from the record that a copy was filed as soon as it could be made, and the trial proceeded; the court stating that the payment of the $10 was not a prerequisite to going on with the trial. It is conceded that the fee was afterwards paid, and accepted by Mr. Chapman. The attorney for the defendants then moved to strike the case from the docket for the reason that it was improperly thereon; that it could not be noticed for trial until it was at issue, and it was not at issue until the plea was filed the day before. The court then said:

"Mr. Chapman, had I known that no plea had been filed in the case, I assure you I would not have permitted the plaintiff to file a bill of particulars; but as I did permit him, and the order was entered before knowing that no plea had been filed, I will overrule your motion."

Exception was duly taken. The trial then proceeded. Witnesses were sworn on the behalf of the plaintiff, and cross-examined on behalf of the defendants by Mr. Chapman. At the close of the plaintiff's evidence the defendants' attorney requested the court to instruct the jury

that the plaintiff had not made such a case as entitled it to a verdict. The court refused to so instruct the jury. The defendants' attorney then introduced testimony to establish their defense under their plea and notice, stating that he did so under protest, and reserving all his rights in the case, and waiving no objections. At the close of the testimony the court directed the jury to render a verdict for the plaintiff for $2,203.84, which they did.

The most important question which arises upon this record is whether the irregularities which occurred in the proceeding were of such gravity as renders the judgment rendered void. Unless they were waived by the conduct of the defendants, through their attorney, the judgment should be set aside. The facts relied upon as amounting to a waiver in this case are undisputed, and therefore it was for the court to say whether the irregularities were waived. The irregularities consist in refusing to strike the case from the docket after the plea was filed for the reason that it was not at issue when noticed, and in proceeding to try the cause before a jury sworn before the issue was framed, without reswearing them. There was no objection made to the jury by the defendants; no challenge to the array; no intimation that they were in any manner or for any reason disqualified from sitting in the cause; but a request was made at the close of the plaintiff's case by defendants that they be instructed to render a verdict for the defendants on the sole ground that the plaintiff had not made out a case. The defendants also introduced their testimony before them to pass upon none the less voluntarily because under protest. Under these facts they cannot now be allowed to urge the objection that the jury was not sworn to try the issue made by the plea. If this objection had not been waived, it ceased to have any force, since the verdict for the plaintiff for a specified amount was directed for the plaint-

iff, and this we think the court was, under the testimony, fully justified in doing.

The defendants' counsel contends that he had an absolute right to a notice of trial 14 days before the first day of the term succeeding the time when the cause was at issue. This is true; but it is also true that a party may waive an absolute right in his favor, even though it be granted by statute, and the question here is whether he has waived. It is true that defendants' attorney objected to proceeding, and insisted that the case should be stricken from the docket, and, had he relied upon his absolute right, timely exercised, to have it struck from the docket, and had done nothing afterwards to waive such right, the court would not have been justified in proceeding. But a party cannot be permitted to occupy inconsistent positions, where the exercise or assertion of the one involves the abandonment of the other. It was consistent with defendants' rights in this case to rely upon their right to a bill of particulars before pleading, and to entirely ignore the notice of trial served upon them before the cause was at issue. It was also consistent with their rights, when they saw that the cause was docketed for trial at the first day of term, before a jury, to move to strike it from the docket for the reason that it was not at issue when noticed. The defendants' attorney was in court the first day of term, and knew that the cause was set for trial, and, although not expressly assenting, offered no objection, and made no motion to strike it from the docket. The orderly conduct of the business and the practice of the court required that cases not properly on the docket for trial should be brought to the attention of the court on the first day of term. If he intended then to rely upon the objection that it was not properly upon the trial docket it was inconsistent for him to await until the case was reached, a jury impaneled, and a witness

sworn in the case, before he raised the objection. It was also inconsistent for him to let this objection slumber until after other steps had been taken on his objection looking to a trial of the case at that time, by which terms were imposed, and the business of the court suspended, for the very purpose of proceeding to trial at that term. If he intended to insist upon his absolute right, it was inconsistent for him to take part in the trial, cross-examine witnesses, introduce testimony, and take the chances of a trial and verdict in his favor. Having acted so inconsistent with his claim of absolute right, he must submit to the results of such action, and be held to have waived the right to insist that the case was not properly on the docket for trial at the September term. Counsel for defendants does not now claim that he was not prepared for trial, or that his case was not put before the court and jury as fully and fairly as it could have been at a subsequent term, and neither harm nor hardship appears to have resulted from the judge's rulings upon the objection raised.

The judgment is affirmed.

MORSE, CAMPBELL, and LONG, JJ., concurred with CHAMPLIN, J.

SHERWOOD, C. J., (dissenting). I do not concur in the opinion of my brethren in this case. There is more than a question of practice involved. I think the defendants were entitled to their nonsuit when they asked it, if the trial was to go on, and, after the bill of particulars was furnished by the plaintiff, the case was not in readiness for the trial at the term when judgment was rendered. They were entitled to their 14 days' notice. This was their right, and it should have been allowed to them, to make preparation. I do not think there was any waiver in the case. The time which is allowed to a

party to prepare for trial after the issue in the case is formed, under the rules and statutes, is essential, to ascertain the facts and secure a fair trial, and is not left to any discretion vested in the court, until after the regular notices have been properly given.