FRANK E. CONGER v. THE FLINT & PERE MARQUETTE RAILROAD COMPANY.

*Master and servant—Negligence—Fellow-servants—Directing verdict—Appeal.*

1. Where the record does not purport to contain all or substantially all of the testimony taken on the trial, the Court will presume that the evidence introduced was sufficient to sustain the judgment; citing *McGraw v. Insurance Co.*, 54 Mich. 146; *Barnes v. Railway Co.*, Id. 243.

2. In this case the plaintiff was a brakeman upon a logging railroad train, and was injured by the falling of a log from the center car of the train, which threw the car from the track. He testified that the falling of the log was the cause of the accident, and that he did not know whether the log was released because one of the stakes loosed or not. And it is held that if such was the case, and if the stake came out because carelessly put in, that carelessness was directly chargeable to plaintiff, who placed most of the logs, or to one of his fellow-trainmen; and that if the log was thrown off by the jolting of the car over the rough road, as claimed, the jolting was, under the testimony, aggravated by the high rate of speed of the train, contrary to the rules of the defendant, of which plaintiff had notice, which negligence was that of plaintiff's fellow-servants, and chargeable to him; and that a verdict was properly directed for the defendant.

Error to Wayne. (Gartner, J.) Argued April 23 and 24, 1891. Decided May 8, 1891.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Haug & Yerkes,* for appellant, contended:

1. Where the evidence tends to show negligence on the part of the defendant, and contributory negligence on the part of the plaintiff, the question cannot be taken from the jury; citing *Flater v. Fey,* 70 Mich. 644; *Hunn v. Railroad Co.,* 78 Id. 513; *Adams v. Iron Cliffs Co.,* Id. 271; *Harrison v. Railroad Co.,* 79 Id. 409.[1]

2. The master must provide his servant with a safe place to work in, and furnish him with suitable machinery and appliances with which to perform such work, and it is his duty to keep the same in good repair; citing *Swoboda v. Ward,* 40 Mich. 420; *Mining Co. v. Kitts,* 42 Id. 39; *Parkhurst v. Johnson,* 50 Id. 70; *Ryan v. Bagaley,* Id. 179; *Huizega v. Lumber Co.,* 51 Id. 272; *Smith v. Car Works,* 60 Id. 502; *Marshall v. Furniture Co.,* 67 Id. 167; *Van Dusen v. Letellier,* 78 Id. 492.

3. Contributory negligence, to defeat a right of recovery, must be that of the injured party; citing *Hunn v. Railroad Co.,* 78 Mich. 513.

*W. L. Webber,* for defendant.

McGRATH, J. This is an action for negligence. At the conclusion of the testimony the court directed a verdict for defendant, and plaintiff appeals.

Defendant was engaged in transporting logs from a lumber camp to its main line over a temporary branch or spur known as a "logging road," which was unballasted, as such roads usually are, and followed generally the lay of the land. Plaintiff had been breaking for four years. He had been over this road several times, and had worked upon other roads of like character. In going down a grade upon a train composed of 11 flat-cars with the

---

[1] See *Roux v. Blodgett & Davis Lumber Co.,* 85 Mich. 519.

engine, a log fell from the center car of the train, throwing the car from the track, wrecking the rear portion of the train, and injuring the plaintiff. Plaintiff claimed that the log was thrown from the car by the jolting of the car over the rough road, and the negligence charged was the failure of the defendant to maintain a safe roadbed. The logs were put upon the cars by the shippers, but placed in position by the trainmen, and plaintiff testified that he in person placed most of the logs. Plaintiff further testified that at the time of the accident the train was running at the rate of from 12 to 20 miles an hour; that the falling of the log was the cause of the accident; and that he did not know whether the log was released because one of the stakes loosed or not.

Defendant offered in evidence the following rules and regulations of the company, with which it appears plaintiff was familiar at the time of the accident:

"Conductors will see that all logs are loaded so as to ride safely. All logs that are liable to roll off in transit must be unloaded at starting point before train is moved."

"Delayed passenger trains may regain their card time when it can be done with perfect safety, but in no case must the speed of freight trains exceed 20 miles an hour, one mile in 3 minutes,—to regain lost time. The speed of loaded log trains on the main line must not exceed 12 miles per hour; when light, 15 miles per hour; and on branches 10 miles per hour, loaded or light."

In order to hold defendant liable there must be evidence tending to show negligence on its part as the proximate cause of the accident. The falling of the log caused the wrecking of the train. If one of the stakes came out, then clearly that released the log; and if the stake came out because carelessly put in, that carelessness was directly chargeable to plaintiff or to one of his

fellow-trainmen. Again, admitting that the log was thrown off by the jolting of the car over the rough road, it must be conceded that the jolting was aggravated by the high rate of speed of the train. The rules provided that the rate of speed of log trains on branch roads should not exceed 10 miles per hour, while this train was making from 12 to 20 miles per hour at the time of the accident. This negligence undoubtedly contributed to the wreck of the train, and, inasmuch as it was that of fellow-servants, it is chargeable to plaintiff, under the repeated rulings of this Court.[1]

The record in this case does not purport to contain all or substantially all of the testimony taken in the case. Sufficient does appear to support the judgment; but were it otherwise, we would presume that the evidence introduced was sufficient to sustain it. *McGraw v. Insurance Co.*, 54 Mich. 146; *Barnes v. Railway Co.*, Id. 243.

The judgment is affirmed, with costs to defendant.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.

---

[1] See *Hunn v. Railroad Co.*, 78 Mich. 514 (head-note 8, and cases cited); *Hoar v. Merritt*, 62 Id. 386; *Peterson v. Railway Co.*, 67 Id. 102; *Hammond v. Railway Co.*, 83 Id. 334.