## J. REID CROWELL v. JEROME TRUAX.

*Attorney and client—Action for services—Evidence—Bill of exceptions—Instructions to jury.*

1. It is error to permit an attorney, in a suit brought by him to recover for professional services rendered the defendant in a particular suit, to testify to a conversation had with the defendant before the suit in which the services were rendered was commenced, in which the plaintiff objected to being retained to defend a pending criminal suit against the defendant because defendant had had trouble with all the lawyers he came in contact with.

2. Evidence that, two years before the services sued for were rendered, some negotiations had been had by letter, resulting in plaintiff's agreement to accept $10 per day for services, has no bearing upon the value of the services sued for, and is inadmissible.

3. Where the record fails to show that all of the testimony is included in the bill of exceptions, it will not be assumed that no foundation was laid for hypothetical questions.

4. Where, in a suit by an attorney to recover for professional services rendered in a specified suit, the bill of particulars includes charges for making trips to two certain cities, without fixing a price, and the making of the trips is not disputed, nor the claim that no price was agreed upon, plaintiff's testimony that he "made no charges for the trips" cannot be taken as meaning that he did not expect pay for making them, and the jury are correctly instructed that he is entitled to what they were reasonably worth.

5. Where a payment by a defendant on the account sued on is admitted, and, for aught that appears in the record, was considered by the jury, error cannot be assigned upon the failure of the court to mention the subject in his charge, his attention not having been called to it by appellant's counsel.

Error to Lenawee. (Lane, J.) Argued January 12, 1893. Decided February 10, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*H. C. Smith,* for appellant.

*Wood & Bird,* for plaintiff.

HOOKER, C. J.    Appellant was sued in *assumpsit* for services rendered by plaintiff in the trial of a case in circuit court.    The declaration was upon the common counts, and the bill of particulars was as follows:

" 1890, Feb. 26 and 27.    To trying cause in the circuit court (*Millard v. Truax*); to two trips to Hillsdale (before trial); to two trips to Toledo (before trial),—$150.
" Dated October 8, 1890."

Plaintiff, in testifying upon his own behalf, stated that his first employment by defendant was to defend him upon the charge of assault and battery, out of which the case subsequently tried at circuit grew.    He stated the conversation between them, the fact of the trial, and its result, and some conversation immediately following defendant's conviction.    Objection was made to the testimony, as immaterial.    The particular statements complained of seem to be the following:

"I told Mr. Truax this: 'I just came from the court-room, and was with other lawyers there, who were condemning your action, in strong terms, in striking the old man Millard, and I condemned it.' I said: 'It would be in rather poor keeping for me now to make your defense, after I had already said that.' He urged me so hard that I finally told him that I would; at least, until something further occurred, I would take his defense. I went away from him, and was gone an hour and a half or two hours I came back, and told him that I did not believe I would, and he wanted to know the reason why. I told him that he had had trouble with all the lawyers he came in contact with; that the attorneys upon the street had told me that a lawyer at Lansing, and all the lawyers he had had any business with, had always resulted in difficulty; and, furthermore, I was rather timid about taking the case, anyhow. He urged me so hard that I finally took the case. I also announced to him at that time that my wife

had urgently requested me not to have anything to do with the case. But I came down on the adjourn day of the criminal case, and it is my impression that he was arrested with a *capias* for damages. Upon the day of trial of the justice's court criminal case Mr. Truax said he was not ready for trial; that his mother was an important witness. I told him, if I ever tried that case in the justice's court, I was going to try it that day. That case was completed. And I had so many talks with Mr. Truax, of course I cannot remember all of them; but upon the *capias* case I said that I thought I could get the case dismissed, and out of court, by some points that I had in view. Nothing further was said. In a subsequent talk, he said: 'Now, I want that case in circuit court to be tried immediately, and I do not want it delayed one moment.'"

The error complained of in this is that plaintiff testified to what the lawyers about town said about defendant's having trouble in settling with all the lawyers he ever had, etc. The testimony complained of related only to the employment to try the justice's court case. It had no connection with the *capias* case, which had not been commenced. The conversation was therefore immaterial, and should not have been admitted. Its character was such as would be likely to prejudice the jury against defendant.

After the trial at circuit, the parties to the present suit went to the office of Watts & Smith, and from there went up street together. Defendant asked plaintiff what he thought about the case. He answered:

"Mr. Truax, I think just as Mr. Smith does,—that the best duty you owe to yourself is to go and pay the amount they have recovered against you."

Defendant claims that what Mr. Smith said was immaterial. This is perhaps true, but the conversation between the parties was admissible. Plaintiff was advising the defendant professionally about the case. It was a part of the business of his employment, and the fact that Mr. Smith's advice was alluded to does not make it inadmissible.

The questions raised by the 3d, 4th, and 5th assignments of error relate to the hypothetical questions asked several witnesses, as to the value of the plaintiff's services. The record does not show that all the evidence is included in the bill of exceptions, and we cannot assume that there was not a foundation for the questions.

There was no error in the instruction to the jury that the plaintiff was entitled to what the trips to Toledo and Hillsdale were reasonably worth. There was no dispute about his making them, or the claim that no price was agreed upon them; and the evidence. that plaintiff made no charges for them could not be taken as meaning that he did not expect pay for them. His bill of particulars included them, and he was claiming compensation for them at the hands of the court.

The evidence that two years before some negotiations had been had by letter, wherein plaintiff had agreed to take $10 per day for work, cannot be said to have had any bearing upon the question of the fixing of a price for plaintiff's compensation for these services. Hence the seventh assignment is without merit.

The court instructed the jury that plaintiff should be permitted to recover for the time necessarily spent in attendance upon court, while awaiting trial, before the case was reached. The bill of particulars does not limit the time spent upon the occasion of the trial, unless it be by stating two dates, February 26 and 27. It charges for three items, all under these two dates, although it is clear from the bill that all the services could not have been then rendered. The defendant ought not to have been misled, but should have understood that plaintiff claimed for all the services rendered in the case. Had the question been raised upon the trial, the court would doubtless have permitted an amendment, if it had been thought necessary, to cover the proof.

The last assignment of error relates to the failure of the court to mention the subject of payment in his charge. The payment was admitted, and, for aught that appears, was considered by the jury. The court's attention was not called to it, and counsel for defendant did not think enough about it to make a request. We think that error could not be predicated upon this, as the jury could hardly overlook so plain a proposition as that payments should be deducted, when it was conceded upon the trial.

For the error committed in receiving plaintiff's testimony, the case must be reversed, and a new trial ordered.

The other Justices concurred.