## METZ v. PEOPLE'S SAVINGS BANK.

APPEAL—RECORD—EVIDENCE—PRESUMPTIONS.
    Where the record does not purport to contain all of the testimony, it will be presumed that there was evidence to support the judgment.

Error to Wayne; Donovan, J. Submitted November 14, 1901. Decided January 28, 1902.

Garnishment proceedings by Herman Metz against the People's Savings Bank, as garnishee of Lewis Klein. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Lehmann Bros.* and *F. J. Riggs*, for appellant.

*Keena & Lightner*, for appellee.

MOORE, J. April 20, A. D. 1899, Herman Metz commenced a suit in justice's court against Lewis Klein, and obtained a judgment July 7, 1899, for $110.50 damages and $2 costs. On April 20, 1899, the defendant was summoned as garnishee defendant. On the 25th day of April,

1899, the bank disclosed that there was no money on deposit in the name of Lewis Klein, but that there was on deposit by him under the name of John Klemm the sum of $604.95, but that on the 13th day of January, 1899, said bank had been served with a garnishee summons issued out of the circuit court for the county of Wayne in the suit of Margaret Klein against Louis Klemm, *alias* John Louis Klemm, *alias* Louis Klein, and that said bank had filed its disclosure in said last-named suit January 17, 1899, and had not been released from said garnishment by any order of said circuit court.

This proceeding against the garnishee defendant was commenced July 18, 1899. A trial was had, and judgment rendered in favor of Mr. Metz against defendant bank, and on August 5, 1899, an appeal was taken to the circuit court. In the circuit court an amended disclosure was filed in addition to the one already filed, in which it was stated:

"That on the 25th day of April, 1898, said bank was enjoined by the circuit court, at the suit of Margaret Klein against Lewis Klein, from paying any money deposited in said bank; that on the 2d day of June, 1898, by an order of said court in a suit wherein Margaret Klein was complainant and Lewis Klein defendant, said bank was enjoined from paying out any money deposited therein by said Lewis Klein; also that on the 13th day of January, 1899, said bank was served with a writ of garnishment issued out of said circuit court in a cause wherein Margaret Klein was plaintiff and Louis Klemm, *alias* John Louis Klemm, *alias* Louis Klein, was defendant, and that said bank, on the 17th day of January, 1899, filed its disclosure, setting forth that said bank had on deposit to the credit of John Klemm the sum of $604.95.

"That on the 25th day of April, 1898, said Klemm had executed and delivered an assignment of his deposit in said bank for legal services, and said assignment and said pass-book were delivered to one Humphrey, who presented the assignment on the 25th day of April, 1898, but that payment was refused on account of said injunction; that said assignment was several times later presented by Mr. Humphrey, but, pending the order of the court, no moneys

were paid on said order; that on the 29th day of June, 1899, said bank, under an order of Judge Hosmer, paid the attorney of Mrs. Klein $500, and to Mr. Humphrey the sum of $114."

The case was tried before Judge Frazer and a jury. A verdict was rendered in favor of the plaintiff. A motion was made for a new trial, which motion was granted. The case was then tried before Judge Donovan, who, among other things, told the jury:

"Without going into details, or without repeating it over, it is very clear now that once, when all the parties were before the court,—Humphrey and all of them,— Judge Hosmer made an order telling what should be done with this money. He directed that the money be paid over by the bank to a certain person; and I am convinced that it would work great confusion, and tend to disturb the force and power of judgment and court orders, if one judge should ignore or pass by what another had done. And in fact that order, until it is revoked,—and it never has been by Judge Hosmer, officially, in my judgment,— is just as binding as any other order ever issued officially out of this court. And, even to make it more binding here, the bank has a right to take his signature as to where they will pay the money, the same as on an injunction. And, to make it more binding, this case came on before Judge Frazer, and, after a hearing and judgment, he reconsidered the matter on a motion for a new trial, and said, in disposing of that motion: ·

" ' I think I was in error in submitting this case to the jury at all. The motion made by the defendant to have the case taken from the jury at the close of the plaintiff's testimony should have been granted, and a motion for a new trial is therefore granted, without costs.' "

Judge Donovan then directed a verdict in favor of defendant. The plaintiff has brought the case here by writ of error, and contends the court should not have directed a verdict, but should have allowed the plaintiff to show that, though Mr. Humphrey had an assignment of the bank book and the money in the bank, it was in fact the money of Mr. Klein, and that this raised a question of fact for the jury.

We do not think the record is in such a condition that we can say the judge erred in his disposition of the case. It does not purport to contain all the testimony. It does contain the order of Judge Frazer in granting a new trial, but it does not purport to contain upon what record that order was based. The record also contains the order of Judge Hosmer, but it does not purport to contain any of the other proceedings in that case. It does not show whether the files and proceedings upon which the two orders were based were or were not introduced in evidence. The certificate of the judge reads as follows:

"And, inasmuch as the said several matters and exceptions as aforesaid, and the assignments of error thereon, do not appear by the record of said judgment, the counsel for the plaintiff did request the circuit judge to put his hand to this bill of exceptions at Detroit, in the county of Wayne, on the 11th day of March, A. D. 1901."

In this condition of the record the case is controlled by *McGraw* v. *Insurance Co.*, 54 Mich. 146 (19 N. W. 927); *Conger* v. *Railroad Co.*, 86 Mich. 76 (48 N. W. 695); *Crowell* v. *Truax*, 94 Mich. 585 (54 N. W. 384); *Grand Trunk R. Co.* v. *Ives*, 144 U. S. 408 (12 Sup. Ct. 679).

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., took no part in the decision.