MARVIN *v.* BOWLBY.[1]

1. PLEADING—DECLARATION—AMENDMENT—ISSUE—PRACTICE.
    Under Circuit Court Rule No. 10, providing that, when a declaration is amended after plea or demurrer, the plea or demurrer shall stand as a plea or demurrer to the amended declaration, unless defendant shall, within 10 days after re-

[1] Rehearing denied June 27, 1904.

ceiving such amendment, file another plea or demurrer, the case stands at issue on failure of defendant to file a plea or demurrer within the prescribed period.

2. PRACTICE—TRIAL—DOCKET.

Where a case is called or set for trial, the objection of defendant that it is not properly on the docket comes too late; he should have moved on the first day of term to strike the case from the docket, or for a continuance.

3. APPEAL—DIRECTED VERDICT—RECORD.

Alleged error in directing a verdict on questions of fact cannot be considered when the record fails to show that it contains all the evidence introduced on the trial.

Error to Shiawassee; Smith, J.   Submitted January 6, 1904.   (Docket No. 13.)   Decided February 16, 1904.

*Assumpsit* by Thomas Marvin, administrator of the estate of Jacob M. Bowlby, deceased, against Elmer Bowlby, on certain promissory notes.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

On April 26, 1902, plaintiff, as administrator of Jacob M. Bowlby, deceased, filed a declaration in this case, which was commenced February 28th by summons, upon the common counts, and gave notice that he would give in evidence under the money counts seven promissory notes, copies of which were attached to the declaration.   These notes, all but three, were signed by the defendant and by J. M. Bowlby, who was his father.   One for $152 and one for $200 were signed by J. M. Bowlby, and one for $1,500 was signed by the defendant alone.   On November 6th, and before any plea was filed, he filed an amended declaration, setting forth that, as to four of the notes, they were signed by J. M. Bowlby as accommodation maker; that they had been allowed against the estate, and paid by the plaintiff.   November 21st defendant filed his plea of the general issue, and gave notice of the statute of limitations, and that these notes had been presented to and allowed by the commissioners as a set-off against the claim

135 MICH.—41.

of the defendant against the estate. On January 28, 1903, plaintiff filed another amended declaration by the consent of the defendant upon the payment of an attorney fee of $10, which was paid, but no order of the court permitting the amendment was made. These amendments, like the others, were deemed necessary to set up more fully the ground of liability of the defendant upon the notes. All the notes upon which recovery was had were set up in the original declaration.

On February 6, 1903, plaintiff served notice of trial upon the defendant for the next term of court, to commence February 23d. At the opening of the court on February 23d, the case, at the request of the plaintiff, was set for trial on March 5th. No objection was made to this order. Defendant's attorney claims that he was not in the court-room at the time this order was made, although it appears that he was in attendance at court during the day. He claims that he asked Mr. Chandler, an attorney of the court, to state, when the calendar was called, that he did not expect to be ready to try the case, but, if the matter could stand in abeyance, he would try and get ready.

Defendant served no further pleadings in the case until March 4th, the day before the case was set for trial. He then served plaintiff with a demurrer to the first count and a plea and notice of special defenses to the other counts. These pleadings were not filed until the following day. February 25th defendant demanded a bill of particulars, and one was promptly served, although plaintiff's attorney claimed that he was not entitled to it. Defendant, through his attorney, appeared in the case on the 5th, and objected to proceed with the trial upon the ground that the case was not in condition, for lack of pleadings, to be noticed for the then term of court. On March 4th plaintiff's attorney offered to postpone the trial to the following week, but defendant's attorney declined the offer. The record shows that no statement was made by Mr. Chandler when the case was called, but that, two or three days before the . time fixed for trial, the judge received a statement by tele-

phone of similar import through the janitor. The court ordered the case to proceed, whereupon the defendant withdrew from the case, and the plaintiff proceeded to trial, and the court directed a verdict for the balance due upon the notes.

The defendant has brought the case to this court by writ of error, claiming that the court erred in proceeding with the trial, that some of the notes were barred by the statute of limitations, that some were offset by the commissioners on claims of the Bowlby estate against defendant's claim, and that the $1,500 note was not paid by the administrator, and therefore he was not entitled to recover.

*Almond G. Shepard* (*Lyon & Moinett*, of counsel), for appellant.

*Fred R. Everett* (*John C. Dooling*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The court committed no error in proceeding with the trial. Circuit Court Rule No. 10 provides that, when a declaration is amended after plea or demurrer, "such plea or demurrer shall stand as the plea or demurrer to the amended declaration, unless the defendant shall, within ten days after receiving such amendment, file another plea or demurrer." If the defendant had filed a plea or demurrer to the amended declaration within the time fixed by the rule, the question might arise whether the pleadings were in condition for a notice of trial. The defendant filed no plea or demurrer for 35 days after the declaration was amended by stipulation, and not until the case was called for trial. By not pleading within the 10 days, the case stood at issue. Defendant should have moved on the first day of court to strike the case from the docket or for a continuance. *Peninsular Stove Co.* v. *Osmun*, 73 Mich. 570 (41 N. W. 693).

2. It is urged that the court erred in directing a verdict for the plaintiff as to some of the notes upon which re-

covery was had.   These are questions of fact, and their
determination depends upon the evidence.   The record
does not show that it contains all the evidence that was
introduced upon the trial.   This allegation cannot, there-
fore, be considered.   *Metz* v. *People's Sav. Bank*, 129,
Mich. 320 (88 N. W. 874).

Judgment affirmed.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., con-
curred.   CARPENTER, J., did not sit.