### A. B. JOHNSON v. C. A. LINDAHL.[1]

December 31, 1908.

Nos. 15,999—(240).

**Negligence of Employer—Evidence Sustains Verdict.**

The plaintiff's intestate was employed as a mason tender, and set to work by the defendant wheeling mortar and brick along a plank passageway, previously constructed by the defendant in the second story of a building he was erecting. While engaged in such work, the deceased fell from the passageway and was thereby killed. This is an action to recover damages on account of his death, on the ground of the alleged negligence of the defendant in the construction of the passageway. *Held*, that the evidence was sufficient to sustain the verdict for the plaintiff.

Action in the district court for Hennepin county by the administrator of the estate of Anton Hanson, deceased, to recover $5,000 for the death of his intestate. The specific allegation of negligence in the complaint and the ground of negligence on which the case was submitted to the jury are stated in the fourth paragraph of the opinion. None of the planks which composed the passageway described in the opinion were nailed down, but rested by means of their own weight upon the iron girders. The case was tried before Holt, J., and a jury, which returned a verdict in favor of plaintiff for $500. Defendant's motion for judgment in his favor notwithstand-

1 Reported in 118 N. W. 1009.

ing the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*A. B. Jackson,* for appellant.

*Olof L. Bruce,* for respondent.

START, C. J.

On August 30, 1906, the plaintiff's intestate, Anton Hanson, was employed by the defendant as a mason tender, and set to work on the morning of that day wheeling mortar and brick along a passageway on the second floor of a brick building then in process of construction by the defendant. While engaged in such work, and at about three o'clock of the afternoon of the day he commenced to work, he fell from the passageway to the basement of the building and was thereby killed. This action was brought in the district court of the county of Hennepin by the administrator of his estate to recover damages on account of his death for the benefit of his next of kin, a son and a daughter, on the ground of the defendant's alleged negligence. Verdict for the plaintiff in the sum of $500. The defendant made a motion for judgment in his favor notwithstanding the verdict on the ground that the evidence failed to show facts sufficient to constitute a cause of action against the defendant. Motion denied. Judgment entered upon the verdict, from which the defendant appealed.

The only question presented by the record is whether there was any evidence reasonably tending to sustain the verdict.

The evidence in reference to the locus in quo tended to show the following facts: The walls of the building were constructed of brick. The girders between the first and second stories were steel, upon which were laid planks, ten or twelve inches wide, around the inside of the wall for a space of about five feet for the masons to stand on while building the wall. Three planks were laid inside of this place, upon which the wheelbarrows were run by the tenders after taking them from the elevators used to hoist materials. Adjoining this plankway and opposite the elevators was a platform, about sixteen feet long by seven feet wide, upon which the tenders stood while removing the wheelbarrows from the elevators. Next to the westerly end of this platform a ladder was placed, running between

the first and second floors. Between this ladder and the three planks upon which the wheelbarrows were run short boards were laid for the convenience of persons going up and down the ladder in reaching their places of work, and upon such boards persons doing work near by also stepped. The distance between the girder nearest to the elevator from which the deceased wheeled materials and the one nearest to it was four and a half feet. The planks of the platform in front of the elevator extended over the first beam some three feet, with no support under the ends of them. Short planks, some six feet in length, were laid from the unsupported ends of the planks over to the planks resting on the next girder. These short planks appeared to be a part of the passageway, over which the material was wheeled, running from the platform in front of the elevator around to the brick walls. The short planks were not nailed to the longer ones, but were merely loose planks resting on the unsupported ends of the planks extending beyond the girder. The platform and passageway were constructed by the defendant's foreman and representative in charge of the erection of the building, and before Hanson was employed and set to work upon them.

The specific allegation of the negligence of the defendant in the complaint was to the effect that the hole between the girders was negligently covered with rotten and loose planks, and that by reason of their defective and unsound condition, and the loose and careless manner in which they were placed over the hole, they broke and slid, whereby the deceased was precipitated to the basement. There was no evidence which would sustain a finding that the planks were unsound and broke, and the jury were so instructed, and the sole ground of negligence on the part of the defendant submitted to them related to the manner in which the planks were laid and the liability of the short ones to slip and slide.

1. The first contention of the defendant to be considered is to the effect that the structure in question was of such a character that it was not incumbent on the defendant to see that the planks were fastened; and he relies upon the case of Jennings v. Iron Bay Co., 47 Minn. 111, 49 N. W. 685, in support of the claim. The case is not here in point, for in the case at bar the evidence tends to show that the platform and passageway were defectively constructed by

the defendant's representative before the deceased was employed, and that he was assigned an unsafe place in which he was required to work. Hagerty v. Evans, 87 Minn. 435, 92 N. W. 399. The evidence is sufficient to sustain a finding that the defendant was guilty of negligence in the construction and maintenance of the passageway in the particulars submitted to the jury.

2. The second claim of the defendant is to the effect that there was no evidence whatever that the deceased fell from the passageway by reason of any defects therein, and that the cause of his fall is left by the evidence absolutely to conjecture. No one saw him at the instant that he fell from the passageway; hence there was no direct evidence as to the cause of his fall. The question, then, is whether the circumstantial evidence, the only possible evidence which could have been given on this point, furnished a reasonable basis for the inference by the jury of the ultimate fact that the deceased fell from the passageway by reason of its defective condition. We have attentively examined and considered the record, aided by the briefs of respective counsel, and have reached the conclusion that the cause of the death of the plaintiff's intestate was made a question of fact by the evidence, and that the verdict does not rest upon mere conjecture, but that it is fairly sustained by the evidence.

3. The last contention of the defendant is that it conclusively appears, as a matter of law, from the evidence, that the deceased assumed the risk of working on the passageway. We are of the opinion that the question was one of fact. The deceased knew nothing of the actual construction of the passageway, which appeared to be all right. He was not charged with any duty of inspecting it, and the only basis for claiming that he assumed the risks is the fact that he worked upon it as a common laborer for a few hours when it was light.

Judgment affirmed.