## CHARLES JOHNSON v. ST. PAUL FOUNDRY COMPANY.[1]

November 11, 1910.

Nos. 16,774—(149).

**Vice principal — questions for the jury.**

> The defendant sent three of its employees, one of whom was the plaintiff, and one its foreman, from St. Paul to place certain steel arches in the Capitol at Pierre, South Dakota. The foreman had control of the men and was the defendant's sole representative on the work. During the progress of the work the foreman negligently ordered the plaintiff from a place of safety to work upon an unsafe scaffold, with the construction of which he had nothing to do. A plank on the scaffold broke, whereby he was thrown down and injured. *Held*, that the foreman in giving the order was a vice principal, and that whether the plaintiff assumed the risk and was guilty of contributory negligence were questions of fact.

[1]Reported in 128 N. W. 293.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The answer was a general denial. The facts are stated in the opinion. The case was tried before Brill, J., who at the close of plaintiff's case denied the motion of defendant for a directed verdict. The jury returned a verdict in favor of plaintiff for $10,000. The defendant moved for judgment notwithstanding the verdict or for a new trial. The motion for judgment was denied, and the motion for a new trial was granted on the ground the damages were excessive, unless plaintiff consented to a reduction of the verdict to $7,500; in case he consented a new trial was denied. From the order denying defendant's motion for judgment notwithstanding the verdict and denying a new trial upon plaintiff's acceptance of the verdict as reduced by the court, which was accepted, defendant appealed. Affirmed.

*P. J. McLaughlin* and *William G. White,* for appellant.
*Samuel A. Anderson,* for respondent.

START, C. J.

The defendant had a contract for the furnishing and putting in place of certain steel arches in the Capitol at the city of Pierre, South Dakota, and sent its foreman, Nelson, with two of its employees, the plaintiff and a man by the name of Anderson, to execute the work. The foreman had charge of the work and control of the men, and was the sole representative of the defendant on the work, but he also engaged with the other two employees in manual labor. The plaintiff was a laborer and had been in the employ of the defendant two and one-half years as a helper, during which time he had assisted in building scaffolds. The first work they did after arriving at Pierre was in the interior of the dome of the Capitol standing upon a swinging scaffold built by them. No accident occurred while this work was being done, and the scaffold used in doing the work was entirely separate from the one from which the plaintiff fell, as hereafter stated. After this work was done, it was necessary to fit and place in position certain channel irons at the base of the dome and at a height of about thirty feet from the first floor of the building. There was a delay of two weeks

in getting the material from St. Paul, during which time the men were idle, with opportunity to observe what was going on in and about the building.

The general contractor for the building constructed a scaffold for the use of his men working on the building which was used by the other persons engaged in the construction of the building. It was built in the usual way and was composed of sixteen levels, each six or seven feet high. The evidence is not entirely harmonious as to when it was completed; but there was evidence to sustain a finding that it was completed when the plaintiff first commenced to work on the building, or within two or three days thereafter, and that the plaintiff neither assisted in its construction nor saw it in process of construction, nor did he have any notice or knowledge that it was in any respect unsafe until after the accident. There were loose planks scattered about on the different levels of this scaffold which the employees of the general contractor shifted from one part of the level to another as it became necessary so to do; but the evidence is far from conclusive that the plaintiff had prior to the accident any knowledge of such fact or of the condition of the scaffold at the place of the accident. The plaintiff and Johnson worked the day before the accident on the opposite side of the building from where the accident occurred, and they there arranged the planks to suit themselves. There was evidence tending to show that the defendant by its foreman adopted this scaffold built by the general contractor as its own for the purpose of putting in the channel iron.

On the afternoon of August 13, 1909, the foreman went upon a single plank of the scaffold with an iron weighing seventy pounds in his hands, intending to put it in place. The plaintiff was at this time on the concrete floor picking up material. The foreman directed him to come and assist him. The plaintiff obeyed and stepped upon a plank of the scaffold upon which the foreman was standing. The plank, as a subsequent examination disclosed, had in it two knots near the middle, and it was, even if it had been sound, insufficient to sustain the weight of the two men and the iron. There should have been at least two sound planks. An inspection of the plank would have disclosed its defective and unsafe condition. There

was no evidence tending to show that the foreman made any inspection. When the plaintiff stepped upon the plank and took hold of the iron to assist the foreman, the plank broke, and he was thereby thrown from the scaffold and seriously injured.

He brought this action in the district court of the county of Ramsey to recover damages on the ground that the injuries were caused by the negligence of the defendant. At the close of the evidence the defendant asked for an instructed verdict in its favor. It was denied. The jury awarded the plaintiff damages in the sum of $10,000. The trial court made its order denying the defendant's motion for judgment notwithstanding the verdict, but granted its alternative motion for a new trial unless the plaintiff would consent to a reduction of the verdict to $7,500. He did so, and the defendant appealed from the order.

The only substantial question presented by the record is whether the trial court erred in denying the defendant's request for an instructed verdict.

The contention of the defendant is that the trial court erred in not granting the requested instruction, for the reason that there was no evidence tending to show that it was guilty of any actionable negligence in the premises, that the plaintiff's injuries were due to the negligence of a fellow servant, that the plaintiff assumed the risk, and that he was guilty of contributory negligence. The real question is whether the foreman, in ordering the plaintiff upon the scaffold to assist him at the time and under the circumstances disclosed by the evidence, was a vice principal or merely a fellow servant. If it conclusively appears from the evidence as a matter of law that the defendant owed the plaintiff no duty as to his safety under the circumstances, then it was not guilty of any actionable negligence, and the requested instruction should have been granted; otherwise not.

This case must not be confused with those which hold the master not liable where the injured employee actively participates with his co-employees in the construction of the instrumentality whereby he is injured. Such cases are the reverse of the one at bar, where the plaintiff was ordered by the representative of the defendant

on the work from a place of safety to work upon an unsafe scaffold, with the construction of which neither he nor his fellow servants had anything to do.

The defendant owed to the plaintiff the absolute duty of exercising due care to furnish him a safe place in which to work, and its foreman in selecting the scaffold already prepared and in ordering the plaintiff upon it to work was its representative; that is, a vice principal. His negligence was its negligence. Hagerty v. Evans, 87 Minn. 435, 92 N. W. 399; Merrill v. Pike, 94 Minn. 186, 102 N. W. 393; Johnson v. Lindahl, 106 Minn. 382, 118 N. W. 1009.

The evidence sustains the finding of the jury that the foreman was guilty of negligence. Whether the plaintiff assumed the risk or was guilty of contributory negligence were questions of fact and were properly submitted to the jury. The defendant was not entitled to a directed verdict. We find no reversible errors in the rulings of the trial court on the admission of evidence nor in its instructions to the jury.

Order affirmed.