# TONY GRBICH v. PITTSBURGH IRON ORE COMPANY.[1]

November 15, 1912.

Nos. 17,869—(98).

**Alternative allegations of fact — complaint sufficient.**

> Allegations of the complaint considered, and *held*, that they do not come within the rule that where the complaint alleges in the alternative two statements of fact, one sufficient to constitute a cause of action and the other not, they neutralize each other. The complaint states facts sufficient to constitute a cause of action.

Action in the district court for St. Louis county to recover $25,-250 for personal injuries. From an order, Ensign, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Theo. Hollister* and *Frank Hicks,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of St. Louis overruling the defendant's demurrer to the complaint. The here material allegations of the complaint are to the effect following:

The defendant, at the times herein stated, operated an iron mine, known as the Brunt mine, near Virginia, in this state. On October 2, 1911, and for some time prior thereto, the plaintiff was in the employ of the defendant in the mine in the work of making gopher holes, which was done by making holes in the bank of earth which covered the ore, large enough so that those engaged in the work could crawl therein. The holes were so excavated and extended from twenty to thirty feet. They would then be loaded with explosives and fired, for the purpose of breaking up the bank so that it could be removed. The plaintiff, while engaged in such work at the rear of a hole extending into the bank some fifteen feet, heard a whistle

[1] Reported in 138 N. W. 309.

blown in the open pit, and also heard other employees of defendant call to him to come out of the hole, as a blast was about to be set off in the open pit. Thereupon he immediately backed out of the hole, and when he was out of it, and in the act of raising himself to a kneeling position, an explosion occurred at that moment, and dirt, and rock were thrown into his face and eyes, whereby his eyes were permanently injured and he sustained other serious injuries. It was the duty of the defendant to exercise reasonable care to furnish the plaintiff a safe place in which to work, and to warn and caution him of the dangers incident to his work, which were unknown to him. There were a large number of men in the employ of the defendant in the open pit of the mine, using dynamite and other explosives; and to do the work with reasonable safety it was necessary that the defendant have some person who should have charge and supervision of the use and handling of the explosives. The defendant had no such person in its employ, but allowed a large number of its employees engaged in such work, who used explosives, to go to one central point, and obtain supplies from time to time as they needed them, without supervision or oversight from any one. The defendant provided no place within the pit where such explosives should be kept, but allowed and permitted the men who used the same to have and leave the same about wherever they saw fit. It was the custom in the mine, during the time the plaintiff was working therein, when blasting was to take place, for the steam shovel to sound several blasts with its whistle, and for employees of defendant to call out "Fire!" in time to permit men who were engaged in work in gopher holes to get out of them and get to a place of safety. The plaintiff relied upon this custom being observed at the time he was injured; but the defendant on this occasion carelessly and negligently failed and neglected to observe the custom, or to have it observed, and did not give plaintiff the usual or customary notice or warning, and the explosion which injured plaintiff occurred immediately after he was notified that blasting was to take place, and before he had time to get to a place of safety. (After the explosion that caused plaintiff's injuries had taken place, there were upon the ground in the immediate vicinity where he was injured several

sticks of dynamite. He does not know, and has no means of knowing, whether the blast that caused his injuries resulted from material thrown from a distance that struck and set off explosives lying upon the ground near where he came out of the hole, or whether his injuries were caused by material that was thrown by a blast a considerable distance away; but he does know, and alleges, that after he received notice and warning that a blast was about to take place at some place in the pit he was not allowed the ordinary and customary time after notice in which to get to a place of safety, and that his injury was the result of the carelessness and negligence of the defendant in regard to the matters above set forth.)

It is urged in support of the demurrer that the allegations of the complaint bring this case within the rule that where the complaint alleges in the alternative two statements of fact, one of which is sufficient to constitute a cause of action and the other not, they neutralize each other and demurrer will lie. Anderson v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123. This claim is based upon the allegations of the complaint which we have inclosed in parenthesis; but such allegations do not purport to be a statement of the ultimate facts constituting the defendant's alleged negligence. The allegations of the complaint, liberally construed as a whole, allege the duty and custom of the defendant to give its employees, including the plaintiff, timely notice of the explosion of a blast, so as to enable them to reach a place of safety before the explosion, a reliance upon the duty and custom by the plaintiff, and the negligent failure of the defendant to discharge the duty, in that the notice and warning that a blast was about to take place were not timely given, so that the plaintiff could get to a safe place, which resulted in dirt and rock being thrown by the blast into his face and eyes, whereby he was seriously injured. These allegations state facts sufficient to constitute a cause of action. Aho v. Adriatic Mining Co., 117 Minn. 504, 136 N. W. 310.

The alternative statements in question do not neutralize the substantive allegations as to the defendant's negligence and the resulting injury to the plaintiff. The alternative allegations are somewhat

indefinite; but they may be fairly construed, as against a demurrer, that the plaintiff does not know whether his injuries were directly caused by material thrown by a blast at a distance, or from material thrown from the blast which struck and set off explosives lying on the ground near where he came out of the hole. It is clear that neither of these allegations qualifies or neutralizes the gist of the plaintiff's alleged cause of action, the defendant's negligence in failing to give him timely notice that the blast was about to be set off, whereby he was injured. We hold that the alternative allegations referred to do not bring this case within the rule as to such allegations, and that the complaint states a cause of action.

Order affirmed.