# WILLIAM A. KEMPFERT v. GAS TRACTION COMPANY.[1]

December 20, 1912.

Nos. 17,821—(115).

**Place of work — duty of master to warn servant of special danger.**
Where the master orders his servant into a particular place to do and perform certain work, which place will be rendered dangerous and unsafe to the servant if the machinery connected therewith be without notice or warning set in motion, the master owes the servant so situated the duty of exercising reasonable care in protecting him from harm while so engaged.

**Vice principal.**
The act of a foreman having charge of the work, and who orders the servant into the place, in starting the machinery in motion without notice or warning, thus endangering the safety of the servant, is the act of the master, for which, if a negligent act, he is liable.

**Question for jury.**
Evidence *held* to present an issue for the jury within the rule stated, and that the trial court erred in directing a verdict for defendant.

**Contributory negligence.**
Plaintiff was not guilty of contributory negligence. as a matter of law.

Action in the district court for Hennepin county to recover $4,000 for personal injuries. The answer denied any want of care on defendant's part and alleged that plaintiff, with others, was preparing to load one of defendant's gas traction engines upon a car for shipment, and after making proper examination of the various parts of the engine to see that it was in proper condition, one Shoening got upon the platform of the engine and started to back the engine, being entirely unaware that plaintiff was in a position of danger, thus

[1] Reported in 139 N. W. 145.

Note.—As to the duty of a master to adopt rules to protect servant, or to warn him, against dangers not reasonably to be apprehended, see note in 21 L.R.A.(N.S.) 89.

For vice principalship considered with reference to rank of superior servant, see note in 51 L.R.A. 513.

Vice principalship as determined with reference to character of act causing injury, see note in 54 L.R.A. 37.

causing one of the wheels to pass over plaintiff's foot, causing the injuries complained of. The answer further alleged contributory negligence on the part of plaintiff and that he assumed the risk. The case was tried before Jelley, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Larrabee & Davies,* for appellant.

*Morton Barrows,* for respondent.

BROWN, J.

This action was brought to recover damages for injuries alleged to have been caused by the negligence of defendant. A verdict was directed for defendant on the trial below, and plaintiff appealed from an order denying a new trial.

The facts are as follows: Defendant is a corporation, and as such engaged in the sale and manufacture of gasolene traction engines, having in its employ in and about its factory a large number of workmen. The engines so manufactured are of a very large type, weighing about six tons each. The main or drive wheel is 8 feet in diameter, and the tire or surface thereof 2 feet wide, thickly set with steel or iron spokes from the hub to the tire rim. It is operated as all gasolene motors are operated, and from a platform placed at the rear end of the engine. Plaintiff entered the service of defendant on May 31, as an apprentice, and was set to work in the repair of engines and putting them in shape for shipment to purchasers. He had about completed his apprenticeship at the time of the injury of which he here complains. During the term of his service he was under the direction and control of a foreman, who had charge and supervision of the work in which plaintiff was engaged, with authority to direct and give orders to the men employed in his department. There were about 15 workmen in his department of the work. On the day of the accident complained of plaintiff and his immediate associate had repaired and put in order an engine preparatory to its shipment, and by its own power had moved it to the door of the factory. Plaintiff claims, and so testified, that his foreman then ordered and directed plaintiff to oil the various parts of the

engine, and plaintiff set about the performance of that work. He found a grease cup on one of the drivewheels out of order, and was directed by the foreman to remove or repair it. This he did, and went into the shop for that purpose, returning shortly to replace it and finish oiling. While he was in the shop, the foreman started the engine in motion, and it was running, though not in gear, when plaintiff returned. Plaintiff noticed this when he returned, but proceeded to the completion of the work he was ordered to do. To reach the grease cup and other places of oiling about the drivewheel, plaintiff was required to extend his hand in through the spokes of the wheel, a distance of 2 feet; and it is obvious that he was in a position of danger if the engine was suddenly moved or started by its own power. He stood close to the wheel in doing the work, and the foreman was aware of the fact that he was thus engaged, and was in position to see him there at work. While so engaged the foreman, without notice or warning to plaintiff, suddenly set machinery in gear and backed the engine 18 or 20 inches, and upon plaintiff's foot, thus causing the injury complained of.

At the close of plaintiff's case defendant moved the court for a directed verdict upon the grounds: (1) That no negligence on the part of defendant was shown; (2) that, if any negligence was in fact shown, it was that of a fellow servant; and (3) that it conclusively appeared that plaintiff was guilty of contributory negligence. The motion was granted; the precise ground thereof not being stated by the court.

1. We are of opinion, and so hold, that the learned trial court erred in so directing a verdict for defendant. We are unable to distinguish the case, on its facts, so far as concerns the negligence of defendant, from Cody v. Longyear, 103 Minn. 116, 114 N. W. 735; Dizonno v. Great Northern Ry. Co. 103 Minn. 120, 114 N. W. 736; Hess v. Adamant Mnfg. Co. 66 Minn. 79, 68 N. W. 774; Aho v. Adriatic Mining Co. 117 Minn. 504, 136 N. W. 310; Grbich v. Pittsburgh Iron Ore Co. 119 Minn. 365, 138 N. W. 309; Johnson v. St. Paul Foundry Co. 112 Minn. 352, 128 N. W. 293; Lohman v. Swift & Co. 105 Minn. 148, 117 N. W. 418. The safety of plaintiff while replacing the grease cup and

oiling the drivewheel, to do which his arm was necessarily extended, between the spokes of the wheel some 2 feet, required that the engine remain stationary until the work was completed. To move it without notice or warning would expose him to danger of bodily injury. It is true that the particular work, or the particular place of work, was not inherently dangerous. On the contrary, it was perfectly safe so long as the engine was not set in motion. Yet within the rule of the cases cited it was defendant's duty to exercise reasonable care to keep and maintain the place in safety, and the act of the foreman, its representative, in starting the engine, was the act of defendant, for which it is liable, if the act of the foreman was an act of negligence. That question was, on the evidence, one of fact. If plaintiff had been ordered to go beneath the engine to oil or repair parts not otherwise to be reached, and the foreman, while plaintiff was thus engaged, had, without notice or warning, started the engine in motion and ran it over plaintiff, the case would be parallel for all practical purposes with some of those cited. The actual situation here presented differentiates the case from those cited in degree only.

2. The plaintiff's contributory negligence does not so conclusively appear as to justify a directed verdict against him. He had the right to proceed with the work on the assumption that the foreman, who had ordered him into the place, would not, with knowledge of his presence, attempt to start the engine in motion; and it cannot be said as a matter of law that he was negligent in so assuming, or in not guarding against an act of that kind. It so happened that plaintiff's foot was in position to be crushed by the drivewheel, if it was unexpectedly moved; but he was not required to anticipate any such movement.

Order reversed, and new trial granted.